IN RE APPLICATION OF THE SHELTON STREET RAILWAY COMPANY.

Third Judicial District, New Haven, Jan. Term, 1898.  ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The statutory requirements of an appeal to this court must be strictly complied with in order to properly perfect the appeal.

Under §§ 13 and 22 of Chap. 194 of the Public Acts of 1897, an appeal from a decision of a judge of the Superior Court to " the Supreme Court of Errors," without specifying therein the time or place of holding that court, is substantially defective and may be taken advantage of by plea in abatement.

A general appearance in this court is not of itself a waiver of the right to object to a defect in the process.

[Argued January 18th—decided February 8th, 1898.]

APPLICATION for a finding that public convenience and necessity requires the extension and construction of a street railway parallel to the line of a steam railroad, made to the *Hon. George W. Wheeler,* a judge of the Superior Court; facts found and judgment rendered in favor of the appli-

cant, and appeal by the respondents for alleged errors in the rulings of the judge.

In this court the appellee filed a plea in abatement, to which the appellants demurred. *Plea sustained and appeal dismissed.*

The appellants also moved to reject the plea in abatement, claiming that it was not filed with the proper clerk. This motion was denied, for the reasons stated in *Vincent* v. *Mc-Namara, post,* 332.

The appeal to this court, filed by the appellants on January 6th, 1898, states that the parties appeal "to the Supreme Court of Errors," and does not state an appeal to any specific term, nor state any time or place for holding the court, and the plea alleges these defects as ground of abatement. The appellants demur for the reasons : 1. The plea does not show that the appellee did not have actual knowledge from the proceedings below, that the appeal was taken to this term of court. 2. That the "notice of appeal" filed in the court below, states the term to which the appeal will be taken. 3. That the record does not show the appeal to be taken to any term other than the present term of this court.

The appellants also read in court an answer, alleging, in bar, a general appearance by the appellee and other facts appearing in the record, and stated that they wished to file this answer in case their demurrer should be overruled. The appellee stated they should demur to the answer, if filed. By agreement of parties the sufficiency of the plea was argued as if the questions had been raised by the appellant's answer to the plea, as well as by their demurrer.

*Goodwin Stoddard* and *William D. Bishop, Jr.,* for the appellants.

*Allan W. Paige* and *George W. Carroll,* for the appellee (petitioner).

HAMERSLEY, J. A general appearance is not, of itself, a waiver of the right to object to a defect in the process.

*Payne* v. *Farmers and Citizens' Bank,* 29 Conn. 415, 416; *Hotchkiss'Appeal,* 32 id. 353, 355.

The other facts stated in the answer set forth the same matters of record referred to in the demurrer to the plea; and their allegation is, in substance, a claim that upon the face of the record the plea in abatement is insufficient.

The appeal to this court is a process whose form and requirements are fixed by statute. These provisions must be strictly complied with in order to properly perfect an appeal. *White* v. *Howd,* 66 Conn. 264, 266. The statute says that the appeal must state the time and place of holding the court to which the appeal is taken. Public Acts of 1897, Chap. 194, § 13. This appeal states neither time nor place; it is taken to "the Supreme Court of Errors," without any specification of a term.

The appellants, however, claim that this requirement of the statute is a mere matter of form; that it is apparent from the record that the present term of this court is the only one to which the appeal could by law be taken, and therefore it must be regarded as in fact taken to this term; and that the defect is cured by § 1000 of the General Statutes. This claim rests on the assumption that the term of court to which this appeal should have been taken, is determined by § 2 of the Act and not by § 22. The provisions of these sections are distinct and different. The former affects appeals from judgments rendered at a regular session of the Superior Court, and requires the appeal to be taken to the term to be held next after the filing of the appeal in the judicial district or county where the judgment was rendered; while the latter affects appeals from judgments rendered by a judge exercising the power of that court in chambers, and requires the appeal to be taken to the term "next to be held in the judicial district or county where the parties or any of them reside." This appeal is controlled by the provisions of § 22. No other Act authorized it. The parties resided in different counties. The statute is so phrased as to give some ground at least, for the claim that the appeal might have been taken to the next term held in New Haven county, or to the next

term held in Fairfield county. The appellee in a case of this description is not bound to construe the statute at his peril; that duty rests on the appellant. No appeal could be taken in this cause until the appellants designated the term to which they appealed. The failure to state the time and place of holding the court in this appeal is therefore a substantial defect.

That a defect of this nature may be taken advantage of by a plea in abatement, is not an open question. *Phelps* v. *Norton*, 35 Conn. 327; *Redfield* v. *Buck*, ibid. 328, 333; *Comstock's Appeal*, 54 id. 116; *Pitkin* v. *New York & N. E. R. Co.*, 67 id. 19; *Montville Street Ry. Co.* v. *New London N. R. Co.*, 68 id. 418. See also *Chipman* v. *Waterbury*, 59 id. 496.

Section 31 of the Act, and Chap. 135 of the Public Acts of 1897, relate to the manner of perfecting appeals taken under § 22, but do not control the term to which such appeals shall be taken.

The plea in abatement is sustained and the appeal dismissed.

In this opinion the other judges concurred.