BENJAMIN STILLMAN ET UX. vs. SHERWOOD S.
THOMPSON ET ALS.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and ROBINSON, Js.

Under General Statutes, § 805, an appeal from the denial of a motion
to set aside a verdict as against the evidence, must be taken
within six days after the entry of judgment; merely filing notice
of appeal within the six days is not a compliance with this re-
quirement.

If the losing party also desires to appeal for other reasons, for the
proper presentation of which a finding of facts is essential, he may
afterward amend his appeal from the denial of his motion to set
aside the verdict, if that be seasonably taken, by adding thereto
other assignments of error.

A tenant of an underground bakery, who, in violation of his promise,
ceases to use the premises for that purpose, in consequence of
which they cannot again be lawfully used as a bakery, is liable
in damages to the lessor for the resultant depreciation in the
value of the property.

As a second defense to such an action, the defendants alleged that the
leased premises did not comply with the statutory requirements
as to bakeries. Held that such defense was demurrable, since it
did not set up or disclose the actual condition of the premises,
but only the conclusion of the pleader, and moreover, for aught
that appeared, a slight alteration or repair of the premises would
have satisfied the legal requirements and enabled the defendants
to carry out their contract without violating the statute.

In such an action evidence of the cost of the bakery oven, and the
expense of its installation, although incurred by a former owner
of the property, as well as the capacity of the oven, is admissible
as tending to show the decreased rental value of the premises
due to the defendants' breach of their agreement.

Evidence of the existence or nonexistence of a mortgage on the leased
premises is too remote, if indeed not irrelevant, to prove that
the business carried on there was profitable or unprofitable.

Evidence that others stood ready to lease the premises as a bakery,
and that one applicant had made a deposit of money to that
end, is also admissible as tending to show the value of the prop-
erty as a bakery.

The jury were instructed in the present case that the proper measure
of damages was a fair and reasonable compensation to the plain-
tiffs for the decreased value of their real estate, "keeping in mind

Stillman *v.* Thompson.

its rental value" and the depreciation therein caused by the defendants' acts. *Held* that the defendants could not justly complain of this instruction, since the rental value of the premises before and after their acts was proper to be considered in determining any decrease in the value of the real estate.

Argued June 12th—decided July 30th, 1907.

ACTION to recover damages for breach of a contract to use leased premises as a bakery, brought to the Superior Court in New Haven County where a demurrer to the complaint was overruled, one to the second defense of the answer was sustained (*Thayer, J.*), and the cause was afterward tried to the jury before *Roraback, J.;* verdict and judgment for the plaintiffs for $1,900, and appeal by the defendants for alleged errors in the rulings and charge of the court, and also for its refusal to set aside the verdict as against evidence. *No error.*

In this court the appellees filed a plea in abatement to so much of the appeal as assigned error upon the part of the trial court in refusing to set aside the verdict, upon the ground that no appeal was taken from such refusal within six days after the entry of judgment. *Plea sustained.*

*William H. Ely,* for the appellants (defendants).

*George E. Beers* and *Charles L. Brooks,* for the appellees (plaintiffs).

ROBINSON, J. This case was tried to the jury upon the issues as they appear in the record. The jury returned a verdict for the plaintiffs to recover the sum of $1,900. The defendants thereupon moved for a new trial on the ground that the verdict was against the evidence; the trial judge denied the motion February 19th, 1907, and this denial furnishes the ground of the tenth reason of appeal.

The plaintiffs filed a plea in abatement to the appeal from this denial, on the ground that it was not taken till March 22d, 1907, and not within six days after entry of

judgment upon the verdict. To this plea the appellants demurred, on the ground that they filed a notice of appeal within six days after the entry of judgment upon the verdict, and that the appeal was taken within the time and in the manner prescribed by law.

This demurrer is overruled by us and the plea in abatement accordingly sustained. The provisions of § 805 of the General Statutes limit the time to six days within which to take an appeal from the denial of such a motion, and this express provision cannot be modified or extended without statutory authority. The filing of a notice of appeal within six days is not a compliance with this section; and we would add that no trouble, inconsistency, or uncertainty need result from this view. It is entirely feasible to take an appeal both from a denial of the motion to set aside the verdict, and from the judgment itself, within the shorter of the periods of time limited for such appeals; or, if the appealing party does not care to take this course, he has the other course open to him to take the first appeal within the time limited by the statute for such appeal, and later add to this appeal, by way of amendment, his appeal from the judgment itself. In this way the rights of the appellant can, without serious inconvenience to himself, be abundantly protected. This plea in abatement being held good, it follows that the defendants' tenth reason of appeal is not properly before this court.

Taking the other reasons of appeal in their order, it will be observed that the first one is based upon the claimed error of the court (*Thayer, J.*) in overruling the defendants' demurrer to the entire complaint. Six grounds of demurrer are set up, but it is hardly necessary to pass upon each separately. It is a single demurrer to the whole complaint.

The defendants say, in legal effect, that the plaintiffs have on the face of their complaint set up no sufficient cause of action. In making this claim the defendants apparently overlooked the pleaded facts, to wit, that the plaintiff Mrs. Stillman entered into a contract of leasing

Stillman v. Thompson.

with the defendants, and that one of the terms of that contract was that during the period of the defendants' tenancy the defendants should use the premises for the purposes of a bakery continuously, and in the manner in which they had theretofore been used, and that the same should not be closed as such bakery ; and further, that the premises owed their principal value to the fact that they could be used, and had long been used, as a bakery, and were well known to the public as a bakery ; and that the defendants did not keep this part of their contract, but suspended baking in said premises, and closed the same as a bakery, in consequence of which the premises became incapable of use as a bakery under the statute,* thereby causing the plaintiffs damage.

Here is plainly a cause of action, and the court below did not err in overruling the demurrer.

The next reason of appeal is that the court erred in sustaining the plaintiffs' demurrer to the defendants' second defense. This second defense sets up that the premises described in the plaintiffs' complaint did not comply with the requirements of the statute in regard to premises used for bakeries and bake-shops. The plaintiffs demurred to this as constituting no defense to the action. The court below (*Thayer, J.*) sustained this demurrer, on the ground that, admitting the fact to be as stated in this defense, it did not follow that the contract could not be carried out by the defendants without a violation of such statutory requirements.

The court did not err in sustaining this demurrer. The defendants insist that by this ruling of the Superior Court they were denied the right to make in some way the defense that they could not, on account of the condition of the premises, use and keep them open as a bakery. We do not think so. First, they did not set up or disclose the condition itself, but a conclusion arising from an undis-

* Chapter 13 of the Public Acts of 1905, p. 254, provides that " no room or rooms wholly or partly under ground, now used as a bakery, which shall hereafter be closed, shall be again used as a bakery."

closed condition. They should have stated the condition in fact. This they did not do. They had the opportunity, but did not avail themselves of it, to set up in their second defense allegations of fact laying the foundation for the claim that, as between the statutes of the State and the actual condition of the premises, they were powerless to keep their contract without a breach of the law. They did not attempt to do this, either as a defense or in mitigation of damages. This defense discloses no facts making it a legal defense or excuse for not keeping their contract in the respects complained of. For aught that appears on the face of this defense, a slight alteration or repair to the premises would have brought them into compliance with the statute. The Superior Court did not err in sustaining the demurrer to the second defense.

In the third, fourth, fifth, sixth, seventh and eighth reasons of appeal, it is claimed the court erred in rulings upon the admission and rejection of evidence.

The third, fourth and fifth reasons relate to evidence offered by the plaintiffs, objected to by defendants, and received by the court, touching the capacity, character, and value of the oven in this bakery, as affecting the question of the decreased value of this property, and the damage to the plaintiffs. The defendants' objections to this class of evidence were that there was no allegation in the complaint under which the capacity of the oven was admissible, or in which was alleged the cost of the expense for installing the oven; and because Gowdy, the man who put it in, was not a party to this suit, and therefore the cost and expense incurred by him was not admissible.

The court properly overruled all these objections. It is quite manifest that the capacity of this oven had somewhat to do with its value; and further, the cost of it and the expense of installation, even though bought and installed originally at the expense of some one else, and made a part of the plaintiffs' premises by agreement, would furnish some proper test and guide in determining its present value, and furnish some data from which to estimate the

decreased value claimed to have been occasioned by the defendants' breach of this contract.

The sixth ground of appeal is based upon the ruling of the court in rejecting a question put to Gowdy by the defendants' counsel. This witness was called by the plaintiffs, but defendants' counsel, desiring to prove by him the unprofitableness of the baking business he formerly conducted on these premises, made a suitable inquiry, to which the witness made answer that the business was profitable. Thereupon defendants' counsel put this question: "The property wasn't mortgaged when you first started up that business, was it?" This was objected to by plaintiffs' counsel as irrelevant and too remote, and also upon some other grounds. The court sustained the objection and excluded the question.

This, under the circumstances, was not error. In examination of this witness at this point, the defendants desired and evidently expected to prove by him that the business was an unprofitable business, but instead of so testifying he declared that the business was profitable; and then the defendants, for the purpose of establishing the opposite, put the question which was objected to. The matter called for by this question was in any event exceedingly remote for the purposes claimed. To inquire, as defendants' counsel did, whether, when he started his business at this place, he started it without a mortgage on his property, would in no way show unprofitableness, whether answered yes or no. In either event the business might still have been profitable. It was not a logical test either way. But assuming that it tended remotely to establish unprofitableness of business, the defendants had on this very point, on their earlier cross-examination, gotten before the jury, and without any objection from the plaintiffs, the fact that such mortgage as was placed on this property was not put on till about three years after the witness started his business. The defendants already had in the case the fact they attempted to call out by this question, and it came in without objection and for what-

ever purpose it could, under the rules of evidence, be used in this case. The defendants were at liberty to use it as a fact in the case, and this being so, it is difficult to see how in any event the defendants could have been injuriously affected by the court's rejecting this particular question.

The seventh and eighth reasons of appeal may be considered together. Both are based upon rulings of the court admitting testimony of Mr. and Mrs. Stillman as affecting the question of the diminished value of the premises as a bakery. To this end the plaintiffs offered to show that there was a demand for these premises as a bakery; that Mrs. Stillman had an opportunity to rent and could have rented the premises from and after May 1st, 1906, when the defendants' lease terminated; that as early as March 17th, 1906, she had entered into an agreement with parties, by which they were to take possession of the bakery and rent it after May 1st, 1906, in case the defendants did not retain it after that date; and that they paid Mrs. Stillman a deposit of money on this agreement, for which she gave them a receipt, which receipt was put in evidence as Exhibit K. Thereupon Mrs. Stillman was asked, " When were they going to take possession under this?" meaning Exhibit K. The defendants' counsel objected to this on the ground that there was not sufficient foundation for the testimony under the pleadings. The court overruled the objection.

The court did right. It was one of the questions in issue what amount of damages had been suffered by the plaintiff Mrs. Stillman, from the defendants' failure to keep their contract to use and keep open the premises as a bakery to the end of their lease, May 1st. And to aid in this she had the right to show, without any further allegations in her complaint, that the premises were valuable for a bakery, and that they could have been leased for that purpose, and were in fact contracted to be leased for a bakery; that parties stood ready to take them and enter into possession from May 1st and use them as a bakery, if the defendants decided not to keep the premises. All

this was entirely legitimate and proper for the plaintiffs to show under the allegations in the complaint as they stood.

The remaining reason of appeal is based upon language used by the trial judge in his charge to the jury. The language criticised is the closing paragraph of the charge, and is as follows : " Keeping in mind these general suggestions, I say to you, gentlemen, if you find for the plaintiffs, that you may allow such sum by way of damages as will be a fair and reasonable compensation to the plaintiffs for the decreased value of their real estate, ovens, and other appliances permanently attached thereto, keeping in mind their rental value, and a consequent depreciation in consequence of this alleged breach of contract, which are the direct and natural consequences of closing said bakery by the defendants."

The defendants complain that in this language the matter of rental value was not properly submitted to the jury by the judge. We cannot take this view.

It was set up in the complaint that the value of the premises consisted largely in the fact that they were available for bakery purposes, and the complaint charged that the conduct of the defendants had resulted in diminishing the value of the premises by a large amount; that the rental value had been diminished at least $30 per month, and that the oven and other baking appliances situated in said bakery had lost all their value.

Under these allegations testimony was introduced as to the value of the premises with the ability to use the underground part for a bakery, and as to their value without the ability so to use them, and it was also testified that the difference in rental value of the premises, with the ability so to use them, and the rental value without such ability, would be from $30· to $35 per month. All this class of evidence was admitted and was before the jury for their consideration as affecting the question of the diminished value of these premises. It was plainly stated by the judge in this part of his charge that the jury might allow such

sum by way of damages as would be a fair and reasonable compensation to the plaintiffs for the decreased value of their real estate, ovens, and other appliances permanently attached to the real estate. There is no uncertainty as to what the judge meant by this language. Then he adds, "keeping in mind their rental value." This was saying to the jury in a very plain and understandable way that damages might be allowed by them for this decreased value, and that in estimating that decreased value, and what would be a fair and reasonable sum to allow the plaintiffs as damages therefor, they were not to ignore the rental value as a guide in reaching a conclusion touching these matters.

The rental value, and its depreciation due to the closing of the shop as a bakery, were plainly evidential matters, and treated by the court simply as evidence affecting the question of the diminished value of this property, and what would be a fair and reasonable compensation to the plaintiffs for such diminished value. The judge said to the jury, in effect, keep this evidence in mind. In this he did right, and the language employed by him was plain, concise, and entirely adapted to the case.

There is no error.

In this opinion the other judges concurred.