WALTER SACKETT vs. PATRICK H. CARROLL.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An appeal from the refusal of the trial court to set aside a verdict, which is not taken within six days after the entry of judgment thereon, as required by General Statutes, § 805, is irregular but not void, and advantage can be taken of the defect only by a plea in abatement.

An appeal from the refusal of the trial court to set aside a verdict as against the evidence, can rarely, if ever, prove successful, if there was any evidence before the jury upon which they could have rested their verdict.

The credibility and weight of testimony are matters for the determination of the jury.

Submitted on briefs November 5th, 1907—decided January 8th, 1908.

ACTION for the conversion of money alleged to have been paid to the defendant for the plaintiff's use, brought to

the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judgment for the defendant, and appeal by the plaintiff.   *No error.*

*Charles G. Root,* for the appellant (plaintiff).

*James E. Russell* and *John O'Neill,* for the appellee (defendant).

HALL, J.   The following is the substance of the complaint in this action: The defendant, a real-estate broker, sold for the plaintiff, to a Mrs. Pickett, certain real estate upon commission.   He represented that he had sold it for $12,500, and, relying upon the truth of such statement, the plaintiff executed a deed of the property to Mrs. Pickett. The defendant accounted to the plaintiff for said sum, retaining therefrom the sum of $200 as his commission.   In fact the defendant sold the property to Mrs. Pickett for $13,000, and fraudulently appropriated to himself the $500 difference between said actual and the represented selling price.

The defendant's answer, in effect, is that he did not sell the property as the plaintiff's agent, but purchased it himself of the plaintiff for $12,300, and sold it to Mrs. Pickett for $13,000, and that the difference between the two sums belonged to him as his profit.

The jury returned a verdict for the defendant, and the trial court denied the plaintiff's motion to set it aside as against the evidence.

The assigned reasons of appeal to this court are that the trial court erred in making, in its charge to the jury, certain statements recited in the appeal, and in denying the plaintiff's motion to set aside the verdict.

It would be unprofitable to repeat here the portions of the charge complained of.   They contain no instructions to the jury upon legal questions, but are merely statements of the claims of the respective parties, and comments by the court upon the evidence, which do not appear to have been improper.

Defendant's counsel seem to claim in their brief, and for the first time, that we ought not to entertain the plaintiff's appeal from the denial of the motion to set aside the verdict, because, as seems to be the fact, it was not taken " within six days after the entry of judgment on the verdict," as required by § 805 of the General Statutes. This claim cannot be supported. The irregularity complained of is not jurisdictional. It is at the most but a defect in the process of appeal, which does not render it void, and which could only have been taken advantage of by plea in abatement. *Spencer* v. *Broughton*, 77 Conn. 38, 41, 58 Atl. 236 ; *In re Shelton Street Ry. Co.*, 70 Conn. 329, 39 Atl. 446 ; *Stillman* v. *Thompson*, 80 Conn. 192, 67 Atl. 528.

Although in the absence of a plea in abatement the plaintiff is entitled to have his appeal from the refusal to set aside the verdict considered, yet upon examining the evidence before us we are of opinion that it cannot be sustained. The only sum which the complaint alleges was unlawfully retained by the defendant is the $500 which Mrs. Pickett paid, above the sum for which, it appears from the evidence, the plaintiff consented to sell, and for which he supposed he was in fact selling the property. Whether if the defendant, while acting as the plaintiff's agent in selling the property to Mrs. Pickett, fraudulently induced her to pay $500 more than the price for which the plaintiff had consented to sell it, the plaintiff could recover that sum in this action, or whether only Mrs. Pickett could maintain an action for it, are questions which were not made, either in the trial court or in this court, and which we therefore do not discuss. In the lower court the case was apparently tried by both parties, and submitted by the court to the jury, upon the assumption that if the defendant, while acting as the plaintiff's agent, sold the property to Mrs. Pickett, the plaintiff was entitled to recover at least the $500, if not also the $200 charged as commission, and that if the defendant was not acting as such agent, the plaintiff could recover nothing. The court told the jury that it was a question of fraud or good faith,

Sackett *v.* Carroll.

and the jury evidently found that the defendant acted in good faith and purchased and sold the property in question, not as the plaintiff's agent, but for himself.

Although it may be difficult to reconcile this conclusion with what, from the record, seems to be the very convincing testimony of the several witnesses presented by the plaintiff, and even more difficult to reconcile it with the apparently undisputed facts—that the defendant received no conveyance of this property; that Mrs. Pickett took her deed directly from the plaintiff; that the plaintiff received no more than $12,500 for the property; that the price paid by Mrs. Pickett was $13,000; and that in the written statement of the account between Mrs. Pickett and the plaintiff, prepared by the defendant's attorney at the defendant's request, and furnished to the plaintiff, Mrs. Pickett is charged with an indebtedness to the plaintiff of $12,500 as the purchase price of the property, and is credited with $200 as the commission paid by her to the defendant for the plaintiff for selling the property—yet we cannot say that there was no evidence before the jury sufficient to sustain the verdict rendered. Where there is such evidence, and the trial judge has refused to set aside the verdict, this court will rarely, if ever, interfere by granting a new trial. *Loomis* v. *Perkins*, 70 Conn. 444, 447, 39 Atl. 797.

It was within the power of the jury to credit the testimony of the defendant as against that of the plaintiff's witnesses, and to accept his explanations of the significant facts to which we have referred. This they evidently did, and as the trial judge has refused to set aside the verdict, we do not feel justified in granting a new trial under the rule as laid down in the case above cited.

There is no error.

In this opinion the other judges concurred.