LEVEA A. HULL *vs.* WILLIAM E. THOMS ET AL., ADMINISTRATORS.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Although the pendency in this court of an appeal, duly and properly taken, from the denial of a motion for a new trial for a verdict against evidence, may furnish ground for a continuance of the cause until the appeal from the final judgment is perfected, with a view to a possible consolidation of the two appeals at a subsequent term, yet, if the first appeal be defective and abatable, as in the present case, it remains none the less abatable because of an attempt to unite it with the later appeal, taken seasonably and in due form, from the final judgment.

An appeal to "the Supreme Court of Errors," without stating therein either the time or place of holding the court, or even that it is taken to the next term to be held in the judicial district in which the judg-

Hull *v.* Thoms.

ment was rendered, does not comply with statutory requirements (§§ 791, 798) and is abatable.

Where such an appeal was in fact returned to and entered at the June term of this court, there is no reason why the plea in abatement should have been filed at some earlier term; nor is there any apparent reason for permitting an amendment of the appeal whereby it may purport to have been returnable to an earlier term, which has since expired.

A judgment is in fact "rendered," in a cause tried to the court, when the trial judge officially announces his decision, either orally in open court, or by a memorandum filed with the clerk.

In cases tried to the jury, the return of a verdict and its acceptance by the court practically take the place of the memorandum of decision or other official announcement of the determination of the cause in cases tried to the court, and therefore a notice of appeal, filed within the prescribed time after the acceptance of a verdict and not recalled, ought fairly to be regarded as a continuing notice, and as effective for its purpose as though it had been filed "within one week after the rendition of the judgment," as required by § 790 of the General Statutes.

Submitted on briefs June 10th—decided July 20th, 1909.

PLEAS IN ABATEMENT by the plaintiff to appeals taken to this court from the Superior Court in New Haven County, heard upon demurrers to the pleas. *Demurrer to one plea sustained; demurrer to other plea overruled. Motion to amend denied.*

*Hadlai A. Hull, Frank L. McGuire* and *C. Hadlai Hull,* in support of the pleas in abatement.

*James M. Lynch* and *William E. Thoms,* in opposition to the pleas in abatement.

HALL, J. The appellant in the Superior Court, Levea A. Hull, whom we shall call the plaintiff, presented to the appellees (defendants), administrators of the estate of Joseph W. Kindregan, a claim for about $25,000 for compensation for services, expenses, etc., rendered and incurred by the plaintiff, under an agreement, in the care of said Kindregan

and his wife during some nine years prior to May, 1907, the date of death of said Kindregan. From the report of the commissioners upon said claim, the plaintiff appealed to the Superior Court in New Haven county, where, upon the trial of the case to the jury, a verdict was on the 5th of March, 1909, rendered for the plaintiff for $10,000.

March 6th, 1909, the defendants filed a motion to set aside the verdict and for a new trial, upon the ground that the verdict was against the evidence.

March 8th, 1909, the defendants signed and filed the following notice of appeal:—

"Hull's Appeal        Superior Court,
    from Commissioners.   New Haven County,
                    March 8, 1909.

Notice of Appeal.

In the above entitled action the defendants appeal from the judgment rendered therein to the Supreme Court of Errors."

March 19th, 1909, the court denied the defendants' motion to set aside the verdict, and on that day the clerk signed and filed the judgment-file, of that date.

March 25th, 1909, the defendants signed and filed the appeal in the following form:—

"Levea `A. Hull's Appeal   New Haven County,
    from Commissioners.     Superior Court,
                    March 24, 1909.

Appeal from Denial of Motion to Set Aside Verdict.

The appellees in the above entitled case hereby appeal to the Supreme Court of Errors, from the denial of the motion for a new trial on the ground that the verdict was against the evidence, and herewith file a copy of all the rulings and evidence in said case, and hereby request the court to certify the same, together with the exhibits, to the Supreme Court of Errors, and make it part of the record."

The evidence and rulings were afterward certified by the court and made a part of the record.

April 30th, 1909, the trial judge filed a finding of facts in the case.

May 8th, 1909, the defendants filed an appeal, which, after the proper caption, was as follows: "In the above entitled cause the appellees (defendants) appeal from the judgment of said court, and from the refusal of said court to set aside the verdict as against the evidence, to the Supreme Court of Errors to be held at New Haven, on the first Tuesday of June, 1909, for the revision of the errors," etc.

One of the several reasons of appeal assigned in this appeal is that the court erred in denying the defendants' motion to set aside the verdict as against the evidence.

May 26th, 1909, the plaintiff filed two pleas in abatement with the clerk of this court; one to the appeal from the denial of the motion for a new trial, upon the grounds, among others, (1) that the attempted appeal stated neither the time nor place of the holding of the court to which the appeal was taken, and (2) that the defendants did not appeal from the denial of such motion within six days from the rendition of the judgment; and the other, to the appeal from the final judgment, upon the ground, among others, that the defendants did not, within "one week after the rendition of the judgment in such cause," file with the clerk of the court in which the judgment was rendered a written notice of appeal, as required by § 790 of the General Statutes.

The defendants moved that the plea in abatement to the appeal from the denial of the motion for a new trial be struck out, as filed too late, and also moved for leave to amend that appeal by adding, after the words "appeal to the Supreme Court of Errors," the words "next to be held at Bridgeport, in and for the Third Judicial District, on the second Tuesday of April, 1909," and also demurred to both pleas in abatement.

The attempted appeal of March 25th, from the denial of

the motion for a new trial, should, under § 788, have been taken to the Supreme Court of Errors next to be held at Bridgeport on the second Tuesday of April, 1909, as that was the next term of the Supreme Court of Errors to be held in the third judicial district after the filing of the appeal. If so taken and duly entered, it would have been open to the appellant to move at that term for a continuance, in view of the proceedings relating to an appeal from the final judgment and of a possible consolidation of the two appeals at a subsequent term.

It was not so taken, nor was it taken to any term of the Supreme Court. It failed to comply with the requirements of §§ 791 and 798, since it failed to state either the time or place of the holding of the court to which the appeal was taken, or even that it was taken to the term next to be held in that judicial district. *In re Application of Shelton St. Ry. Co.*, 70 Conn. 329, 331, 39 Atl. 446; *Hayden* v. *Fair Haven & W. R. Co.*, 76 Conn. 355, 358, 56 Atl. 613. This appeal would have been abatable at the April term of the Supreme Court held at Bridgeport, had it been entered there. Instead of entering it there, the defendants have attempted to join it with the appeal of May 8th, from the final judgment. But as a part of that appeal, it is equally abatable upon the ground that it was not, nor was any appeal from the denial of the motion for a new trial, taken in the form prescribed by the statute, and as required by § 805, within six days after the entry of the judgment on the verdict, which was March 19th. Assuming, without deciding, that the appeal of March 25th, had it been taken in proper form, might, even though not entered at the April term, have been joined with the appeal of May 8th from the final judgment, returnable to the June term, yet such union of the two appeals would not render the appeal from the denial of the motion for a new trial any the less abatable, than it would have been had there been no joinder of the two appeals. For the reasons above stated, the appeal of

March 25th was invalid, and no other appeal was taken within six days after the rendition of the judgment. *Stillman* v. *Thompson*, 80 Conn. 192, 194, 67 Atl. 528.

There is no merit in the claim that the plea in abatement to the appeal from the denial of the motion for a new trial should have been filed at the April term at Bridgeport, instead of the June term at New Haven. The appeal of March 25th was not made returnable to the April term, nor it was entered at that term. The demurrer to the plea in abatement to the denial of the motion for a new trial is overruled, and the plea sustained.

The motion to amend the appeal of March 25th is denied. No sufficient reason appears why we should permit an amendment making an appeal returnable to a term to which it does not appear it was ever intended to be returned, nor was in fact returned, and to which it cannot now be returned, since that term has expired.

The notice of appeal of March 8th, filed after the verdict and before the date of the judgment-file, was a sufficient notice to entitle the defendants to appeal from the final judgment. Under § 790 such notice of appeal must be filed "within one week after the rendition of the judgment." A judgment is in fact rendered in a cause tried to the court when the trial judge officially announces his decision either orally in open court, or by memorandum filed with the clerk, and the party desiring to appeal may at any time within a week thereafter properly file his notice of appeal, although no judgment-file has been formally written out; and when prepared in such a case the judgment-file should bear the date of the announcement of the decision. *Bulkeley's Appeal*, 76 Conn. 454, 458, 57 Atl. 112. But in the case of a jury trial of a civil cause there is not, as in the trial of court cases, an announcement by the judge of a decision, or of a judgment, either orally or by an official memorandum filed with the clerk. While the announcement by the jury and the acceptance by the court of a verdict differs

technically from the announcement by a trial judge of its decision, yet there is such a relation between the acceptance of a verdict and the entry of judgment upon the verdict, that a notice of appeal filed within the specified time after such acceptance, and not recalled, ought fairly to be regarded as a continuing notice, in analogy to the effect given to a request to place a cause upon the jury docket. *Fuller* v. *Johnson,* 80 Conn. 493–495, 68 Atl. 977.

The demurrer to the plea in abatement to the appeal of May 8th from the judgment is sustained and the plea overruled.

In this opinion the other judges concurred.