THE STATE OF CONNECTICUT *vs.* CHARLES M. BOUCHER.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued December 6th, 1934—decided February 5th, 1935.

*David M. Rosen,* with whom, on the brief, was *Samuel Gruber,* for the appellant (accused).

*Richard S. Swain,* with whom, on the brief, was *Henry B. White,* for the appellee (the State).

HAINES, J. The defendant, operating under a restaurant permit granted him by the liquor control commission, was charged on three counts with the violation of the provisions of his permit, namely (a) the sale of beer after 9 p.m. of Sunday, November 19th, 1933, and before 9 a.m. the following day, (b) allowing the consumption of whiskey on his premises, and (c) keeping whiskey with intent to sell.

It was not denied that the defendant held only a restaurant permit from the liquor control commission, which permitted retail sales of beer, ale and wine with an alcoholic content of not over 3.2% by volume, to be consumed on the premises but which forbade the sale of other alcoholic liquors or the public consumption of spirits, including whiskey, in any public room of the inn. General Statutes, Cum. Sup. 1933, §§ 685b (e), 690b and 689b. Nor was it denied that any sales under the defendant's restaurant permit were unlawful if made between the hours of 9 p.m. of Sunday and 9 a.m. of the following day. Section 730b.

The first assignment relating to claimed errors in the finding is not pursued and need not be considered. *Heslin* v. *Malone,* 116 Conn. 471, 476, 165 Atl. 594.

After the plaintiff had rested its case, the defendant moved to dismiss the information and the court denied the motion; and after the defendant had rested and before the case was submitted to the jury, the defendant moved that the court direct a verdict of not guilty, and this motion the court also denied. These rulings are the second and third assignments of error, but under our practice they are not properly so assignable. *Callahan* v. *Jursek,* 100 Conn. 490, 492, 124 Atl. 31; *Dimon* v. *Romeo,* 99 Conn. 197, 203, 121 Atl. 352; *Kiely* v. *Ragali,* 93 Conn. 454, 458, 106 Atl. 502; *Lines Co.* v. *Hartford City Gas Light Co.,* 89 Conn. 117, 125, 126, 93 Atl. 129.

In the fourth assignment it is claimed the court failed to distinguish in the charge between the liquor referred to in the second and that referred to in the third count. The same language was used in the request for a finding, but it is all too general and its meaning too obscure to call for consideration. Practice Book, §§ 362, 363.

The remaining assignments are directed to various selected portions of the charge, some of which, however, are so obviously not erroneous that no discussion of them is necessary.

The court charged that it was not a crime to sell any liquid which did not contain more than one-half of one per cent of alcohol and added: "So that here you have not only got to find, before you can bring in a verdict of guilty, that he did the acts claimed in the information but you have got to find that the beer which it is claimed he sold during the forbidden hours and the whiskey which he kept for sale contained more than one-half of one per cent. Of course you have a right to take all of the evidence into account in determining that fact. You haven't any analysis by a chemist here before you. That, of course, would be an absolute test. But I charge you that that is not the only method of determining whether or not these particular liquids, beer and whiskey, in this case, did contain more than one-half of one per cent. But you have got to find that fact just as you find every other fact here, beyond a reasonable doubt, in order to find the accused guilty." The defendant's statement of his objection to this portion of the charge is, that since the Liquor Control Act of this State specifically exempts liquids or solids containing less than one-half of one per cent of alcohol by volume it thereby makes it incumbent upon the State in a case like the present, to prove the alcoholic content by chemical analysis.

The charge that the law did not apply to liquors of not more than one-half of one per cent of alcohol is clearly correct. General Statutes, Cum. Sup. 1933, Chap. 151, § 670b (5), p. 288. The purpose of the act is the control of the sale of alcoholic liquors. This term as used in the act, includes alcohol, spirits (which includes whiskey), and also wine and beer of an alcoholic content of more than one-half of one per cent by volume. Sections 670b (5) and (2). It does not necessarily follow, however, that because liquor with less than one-half of one per cent of alcoholic content is thus treated by our General Assembly as non-intoxicating, the proof of an alcoholic content in excess of that percentage in a given case under our act, can only be established by the opinion of an expert chemist who has analyzed the liquor in question.

It is true, as the defendant contends, that the act permits a chemical analysis. In a pending prosecution under the act, if a sample is presented in court, "it may order such sample to be conveyed to a state chemist for analysis." Section 747b, p. 313. This is permissive but not mandatory. The language of the provision itself indicates that it was not intended to lay down any exclusive method of proof. Whether the liquor in question was "alcoholic liquor" within the above definitions, is a question of fact. Like any other fact it may be established by any relevant evidence, direct or circumstantial, or by inferences reasonably drawn from other competent facts established. All admissible evidence upon the question, including that offered by an expert chemist, must be received and weighed by the jury, to whom alone is committed the final conclusion as to whether the liquor in question is within the terms defined by the Liquor Control Act. The scope of that portion of the act in force on the date named is such that former decisions of this court

under the old law may, under some circumstances, still be relevant and of value.

Where the defendant in a liquor case asked the court to charge that it was the duty of the state experts to make a full and accurate analysis, we said it was not bound to give this charge and added: "The court did charge the jury that they were not bound to accept the evidence of the State's chemists as accurate, saying: 'the expert judgment is never a substitution for the judgment of the jury.' It also correctly pointed out that whether the beer in question contained more than one-half of one per cent by volume of alcohol, was a question for them to determine from all the evidence in the case, including the expert evidence." *State* v. *Levy,* 103 Conn. 138, 146, 130 Atl. 96.

The court, in referring to a flat contradiction between the State and the defendant at a certain point, said: "If you believe the statement of the police officers you certainly can't believe the statement of the accused, and vice versa. I don't see how you can reconcile those statements. You have got to choose between them. . . . Which is the more probable under all the conditions that existed at that time, this story or that story?" The defendant claims the jury were thus told to believe the story of the police or the story of the accused in its entirety and that they were to deal with probabilities and eliminate the question of reasonable doubt. The language in question, particularly when read, as it must be, with the remaining portions of the charge, does not furnish the defendant any cause for complaint.

At another point in the charge the court, in a brief review of the evidence, referred to the testimony of the state police, that while in the barroom they called the attention of the defendant to the selling of beer during forbidden hours and showed him two bottles of

whiskey taken by them from behind the bar, and said to him: "Isn't this whiskey;" and the defendant's reply: "Well, you see it;" and, "Well, I am in wrong, give me a break." The court then added: "Of course you can interpret the meaning of that, if you believe that he said it, as an admission on his part that he was violating the law." The words last quoted are assigned as error, but they did not exceed a reasonable comment upon the evidence within the province of the court. Reading relevant portions of the charge, it is clear that the jury were well advised of their own authority to determine the meaning and effect of this and all other evidence in the case. We find nothing prejudicial to the defendant's rights in this comment.

A considerable portion of the defendant's brief is devoted to a claim that counts two and three, dealing with whiskey, were not a violation of the Liquor Control Act of 1933, but were controlled by the old law, Revision 1930, Chap. 151. None of the errors assigned on the appeal from the judgment raise this question, and the appellant apparently seeks to do so upon the appeal from the denial of the motion to set aside the verdict as against the evidence. The only question presented to us on such an appeal, however, would be the sufficiency of the evidence to sustain the verdict rendered by the jury thereon. It does not raise the question of the legal sufficiency of the pleadings. *White* v. *Howd,* 66 Conn. 264, 267, 33 Atl. 915; *Firszt* v. *Kalinowski,* 109 Conn. 732, 114 Atl. 894; *Wells* v. *Radville,* 112 Conn. 459, 466, 467, 153 Atl. 154. Moreover, it does not appear that the question was raised at the trial by request to charge or otherwise. Practice Book, § 363.

The limit of time for filing an appeal from the denial of the motion to set aside the verdict was extended by the trial court to June 22d, but it was not filed in fact

until July 3d and was therefore voidable on a plea in abatement. *Sackett* v. *Carroll,* 80 Conn. 374, 376, 68 Atl. 442; *Stillman* v. *Thompson,* 80 Conn. 192, 193, 67 Atl. 528; *Murphy* v. *Elms Hotel,* 104 Conn. 351, 133 Atl. 106; *O'Loughlin* v. *Jennings Co., Inc.,* 107 Conn. 365, 140 Atl. 758. No such plea was filed and we treat the appeal upon its merits. The jury could reasonably have found from direct evidence or legitimate inferences therefrom that two members of the state police, attracted by a noise and disturbance at the "Three Horse Shoes Inn," went there about half past two on the morning of November 20th, 1933; they saw a number of intoxicated men coming out and standing outside the inn; that four men were in front of the bar and the defendant standing near; that one man was drinking a glass of beer and another had just finished drinking from a whiskey glass, and that there was another whiskey glass on the bar; that both glasses had small amounts of whiskey in them; that the officers found two bottles behind the bar, one labelled "Golden Wedding Whiskey" and the other "Scotch Whiskey," each partially filled with whiskey; that the beer which one man was drinking when they entered was a full glass at the time and had been drawn from the tap just prior to the time the officers entered, and that this equipment for the drawing of draught beer was located behind the bar; and that this was not near beer containing less than one-half of one per cent of alcohol by volume. From this and the other evidence before them we cannot find error in the verdict rendered by the jury, or in the denial of the defendant's motion. No other assignment requires discussion.

There is no error.

In this opinion the other judges concurred.