JOSEPH D. LaREAU *v.* FREDERICK G. REINCKE, WARDEN, CONNECTICUT STATE PRISON

EDWARD M. GEER *v.* FREDERICK G. REINCKE, WARDEN, CONNECTICUT STATE PRISON

ALLEN G. GREEN *v.* FREDERICK G. REINCKE, WARDEN, CONNECTICUT STATE PRISON

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 7—decided November 25, 1969

*John D. LaBelle,* state's attorney, for the appellee (defendant) in each case.

*Richard R. Stewart,* special public defender, for the appellants (plaintiffs in the first and second cases).

*Donald Holtman,* special public defender, for the appellant (plaintiff in the third case).

HOUSE, J. These three cases, although unrelated, are considered together because of the identity of the issues presented by the defendant's motion, in each case, to dismiss the plaintiff's appeal to this

court from the denial by the Superior Court of a petition for a writ of habeas corpus.

In each case the plaintiff had been convicted of a crime and thereafter instituted habeas corpus proceedings to obtain his release from prison. In each case the application for the writ was denied, and each plaintiff, pursuant to § 52-470 of the General Statutes, obtained from the judge before whom his case was tried the certification which that statute requires as a prerequisite for taking an appeal to this court from the denial of his habeas corpus petition.[1] After obtaining certification, each of the plaintiffs filed an appeal to this court. In each case, the defendant filed a motion to dismiss the appeal for lack of jurisdiction on the ground that the plaintiff had not filed his appeal within twenty days from the issuance of the notice of the rendition of judgment as required by Practice Book § 601, as amended.[2]

In the *Geer* case, the judgment denying the plaintiff's habeas corpus petition was rendered on January 20, 1969. His petition for certification pursuant

[1] "Sec. 52-470. SUMMARY DISPOSAL OF THE CASE. APPEAL BY PERSON CONVICTED OF CRIME. The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require. No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime shall be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court to certify that a question is involved in the decision which ought to be reviewed by the supreme court and the judge so certifies."

[2] "[Practice Book] Sec. 601. TIME TO APPEAL; EXTENSION The party appealing shall, within twenty days from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken, file an appeal with the clerk of the court where the

to § 52-470 of the General Statutes was filed with the clerk of the Superior Court on January 27, 1969, and certification was granted on February 3, 1969. On March 3, 1969, Geer filed his appeal. Thus, the appeal was filed forty-two days after the decision in the habeas corpus proceeding and twenty-eight days after his petition for certification was granted. The defendant's motion to dismiss the appeal was filed over six months later, on September 19, 1969.

In the *LaReau* case, judgment was rendered on November 4, 1968. On November 12, 1968, the plaintiff's petition for certification was granted and filed with the clerk of the Superior Court. His appeal was filed on November 29, 1968, twenty-five days after the judgment and seventeen days after the petition for certification was granted. The defendant's motion to dismiss this appeal was filed on September 19, 1969.

In the *Green* case, judgment denying the plaintiff's petition for habeas corpus was rendered on May 28, 1969. On June 9, 1969, Green filed his petition for certification. It was granted on June 17,

judgment was rendered or the decision was made; but if within the period of twenty days after the judgment was rendered or the decision was made any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the appeal may be filed within twenty days from the issuance of notice of the decision upon such a motion or the expiration of the time within which a remittitur is ordered filed. If the appeal in a criminal case is from a judgment of conviction or a judgment on a verdict of not guilty, or the appeal in a civil case is from a judgment on a verdict, notice of the judgment shall be deemed to have issued when, in a criminal case, sentence is pronounced in open court or the verdict of acquittal is accepted in open court or, in a civil case, when the verdict is accepted in open court. The time for filing the appeal, or the bond, or paying the entry or record fee, as hereinafter provided, may be extended in accordance with the provisions of Sec. 665."

1969, and on June 30, 1969, he filed his notice of intention to appeal. See Practice Book § 666. Thus, his notice of intention to appeal was filed thirty-three days after the decision of the Superior Court denying his petition for habeas corpus. Again the defendant's motion to dismiss was filed on September 19, 1969. It should be noted in the case of Green that although his petition for certification was filed in the office of the clerk of the Superior Court on June 9, twelve days after the judgment, the tenth day after the judgment fell on a Saturday, when the clerk's office is closed. Practice Book § 325, as amended. That section also provides that, if the last day for filing any matter falls on a day when the clerk's office is closed, the last day for filing shall be the next business day on which that office is open. The rules of this court contain a similar provision. Practice Book § 664. In these circumstances, we conclude that Green's petition, for certification was not untimely filed with the clerk of the Superior Court.

The defendant's three motions to dismiss these appeals on jurisdictional grounds and the similar factual situations of the three appeals raise important questions with respect to appellate jurisdiction and procedure. Section 601 of the Practice Book, except in circumstances not relevant here, provides that an appeal to this court shall be filed within twenty days "from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken." A decision on the defendant's motions to dismiss requires a consideration of whether the failure to file an appeal within the twenty-day time provision of § 601 deprives this court of jurisdiction to hear the appeal and thereby renders any late appeal vulnerable to a motion to

dismiss for lack of jurisdiction. Second, it prompts a consideration of the effect of the certification requirement of § 52-470 of the General Statutes on the time provision of § 601 for filing appeals. The statute makes the issuance of the certificate a condition precedent to a right of appeal for one convicted of a crime who applies for habeas corpus to obtain his release and is denied it in the trial court. See *United States ex rel. Carrono v. Richmond,* 279 F.2d 170, 172 (2d Cir.); *United States ex rel. Saunders v. Reincke,* 203 F. Sup. 668, 669 (D. Conn.); *United States ex rel. Saunders v. Richmond,* 194 F. Sup. 670, 672 (D. Conn.). As we have noted, in each case the plaintiff filed his appeal more than twenty days after notice of the rendition of the judgment from which he seeks to appeal. Geer also filed his appeal more than twenty days after his petition for certification was granted. LaReau and Green both filed their appeals within twenty days after their respective petitions for certification were granted.

Section 697 of the Practice Book provides for motions to dismiss, such as those filed by the defendant in these cases, whenever it is claimed that an appeal should be abated or dismissed.[3] It expressly requires that a motion to dismiss for failure to file papers within the time allowed be filed within

---

[3] "[Practice Book] Sec. 697. MOTION TO DISMISS Any claim that an appeal or writ of error should be abated or dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed, failure to prosecute with proper diligence or any other ground, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Secs. 687 to 689 inclusive within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided, a motion based on lack of jurisdiction or a failure to prosecute with proper diligence may be filed at any time."

ten days after the filing of such papers, but it permits a motion based on a lack of jurisdiction to be filed at any time. Because in none of the cases was a motion to dismiss filed within ten days after the filing of the appeal, the defendant must rely on his assertion that, since the appeals were not taken within twenty days after notice of the judgment appealed from, this court lacks jurisdiction to entertain them. The primary question for determination therefore is whether in any event a failure to comply with the twenty-day limitation provided in Practice Book § 601 for taking an appeal deprives this court of jurisdiction to hear it. In our opinion it does not.

Although the term is sometimes loosely used, "jurisdiction" in proper usage is the power in a court to hear and determine the cause of action presented to it. *Brown* v. *Cato*, 147 Conn. 418, 422, 162 A.2d 175; *Mazzei* v. *Cantales*, 142 Conn. 173, 175, 112 A.2d 205; *Shelton* v. *Hadlock*, 62 Conn. 143, 151, 25 A. 483.

"Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source." 4 Am. Jur. 2d 535, Appeal and Error, § 4. The twenty-day period prescribed by Practice Book § 601 is fixed by a rule of this court. It is not a constitutionally or legislatively created condition precedent to the jurisdiction of this court. The source of the authority for the adoption of the rule lies in the inherent right of constitutional courts to make rules governing their procedure. *Adams* v. *Rubinow*, 157 Conn.

150, 156, 251 A.2d 49; *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 232, 140 A.2d 863. See also General Statutes § 52-264, which provides: "The judges of the supreme court shall make such orders and rules as they deem necessary concerning the practice and procedure in the taking of appeals and writs of error to the supreme court . . . ." We find no support whatsoever in this state's "sources" of appellate jurisdiction for the defendant's contention that the late filing of an appeal deprives this court of jurisdiction to hear it.

Nor do the few cases which have considered the problem support the contention of the defendant that the late filing of an appeal to this court is a jurisdictional defect. In *Sackett* v. *Carroll,* 80 Conn. 374, 68 A. 442, the appellee claimed for the first time in his appeal brief that the appeal should not be entertained because it was not taken within the time then prescribed by the General Statutes. The court replied (p. 376): "This claim cannot be supported. The irregularity complained of is not jurisdictional. It is at the most but a defect in the process of appeal, which does not render it void, and which could only have been taken advantage of by plea in abatement. *Spencer* v. *Broughton,* 77 Conn. 38, 41, 58 Atl. 236; *In re Shelton Street Ry. Co.,* 70 Conn. 329, 39 Atl. 446; *Stillman* v. *Thompson,* 80 Conn. 192, 67 Atl. 528." See also *State* v. *Boucher,* 119 Conn. 436, 441, 177 A. 383.

Primarily on the basis of *Sackett* v. *Carroll,* supra, our learned former Chief Justice Maltbie, in Connecticut Appellate Procedure § 275, concluded: "Where an appeal properly lies, but there has been a failure to follow the requirements of the statutes or rules, the appeal is ordinarily not void, but voidable; the defect may be waived by a failure to take

advantage of it; and unless attacked by motion the court will proceed to determine the appeal. The supreme court has said broadly that defects in the method of taking an appeal do not go to the jurisdiction of the court, and has added: 'To hold otherwise would be to exalt technicalities above substance.' Examples of defects of this kind are: The failure to take an appeal or file a writ of error within the proper time . . . ." In the cases cited in support of the quoted conclusion, this court proceeded to hear appeals which had not been timely filed. This action carries its own significance, for, if in fact such a late filing constituted a jurisdictional defect, the court would have been bound "even in the absence of an attack upon the appeal, to dismiss it suo motu if it was void. *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847; *Foss* v. *Foss,* 105 Conn. 502, 512, 136 A. 98." *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 74, 111 A.2d 547.

The language of Practice Book § 697 distinguishing the grounds of lack of jurisdiction on the one hand from failure to file papers within the time allowed on the other by requiring that a motion based on the latter be filed "within ten days after the filing of the appeal" would make little sense if the defendant's contention was correct. "The defect amounts to no more than one of form which requires challenge, if at all, within ten days after the filing of the appeal. Practice Book § . . . [697]. The appeal is not void. Since the motion to dismiss was not filed until long after that period of time, the . . . [defendant] has waived the defect." *Lengel* v. *New Haven Gas Light Co.,* supra, 75; see also *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 566, 192 A.2d 44; *Turner* v. *Richardson,* 147 Conn. 423, 425, 162 A.2d 177.

The same conclusion is implicit in the decisions of this court in *State* v. *Brown*, 157 Conn. 398, 254 A.2d 570, and *Fredericks* v. *Reincke*, 152 Conn. 501, 508, 208 A.2d 756. In the latter case we held that "any rule restricting an appeal merely because of lapse of time necessarily is ineffective to preclude an appeal in accordance with federal constitutional requirements." If this court lacked jurisdiction because of the lapse of time in filing an appeal, there could be no basis for such a ruling.

We conclude, accordingly, that an appellee's direct challenge to the late filing of an appeal to this court can only be made pursuant to § 697 of the Practice Book within ten days from the time of filing the appeal and that late filing may not be effectively challenged by a motion to dismiss for lack of jurisdiction. By not filing his motion within ten days after a late appeal has been filed, an appellee is deemed to have waived the irregularity of lateness in filing the appeal. We add in passing, however, that a late filing is of course a factor for consideration in a determination by this court of a motion asserting that an appeal has not been prosecuted with proper diligence. A motion to dismiss for failure to prosecute an appeal with proper diligence may be filed at any time. Practice Book §§ 697, 696; see *Loomis* v. *Zoning Commission*, 144 Conn. 743, 745, 133 A.2d 906; *Kennedy* v. *Walker*, 135 Conn. 262, 267, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715. Moreover, this court may, and has, on its own motion dismissed appeals which have not been diligently pursued. Practice Book § 696; *State* v. *Brown*, supra, 403; *Chanosky* v. *City Building Supply Co.*, 152 Conn. 449, 452, 208 A.2d 337. It cannot be doubted that this court has inherent power to provide for the imposition of

reasonable sanctions to compel the observance of its rules. *Stanley* v. *Hartford,* 140 Conn. 643, 648, 103 A.2d 147.

Although what we have said disposes of the issues raised by these motions, our consideration of the merits of the motions has prompted this court to reexamine in the light of General Statutes § 52-470 the provisions of Practice Book § 601 prescribing the time within which appeals shall be taken to this court. As we have noted, the statute provides that, in the circumstances of these three plaintiffs, it is a condition precedent to a right of appeal from the denial of their respective petitions for a writ of habeas corpus that each obtain from the judge before whom his case was tried or from a judge of this court certification that a question is involved in the decision which ought to be reviewed by this court. As our rules now stand, in the event that an application for certification has been filed but has not, within twenty days of the denial of the habeas corpus petition, been ruled upon by the judge to whom the application was addressed, the right of appeal may be preserved upon a proper motion, under Practice Book § 665, for an extension of the time provided for the taking of the appeal.

The motion in each case to dismiss is denied.

In this opinion the other judges concurred.