MOZELLE CARTER *v.* COMMISSIONER OF SOCIAL SERVICES

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued March 16—decision released May 29, 1979

*William J. Massie, Jr.,* for the appellant (plaintiff).

*Michael A. Arcari,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

BOGDANSKI, J. The plaintiff, a recipient of welfare assistance, applied to the department of social services for a moving expense payment. When the application was denied, the plaintiff requested a "fair hearing," pursuant to § 17-2a of the General Statutes. The fair hearing officer affirmed the denial, from which decision the plaintiff appealed to the Court of Common Pleas.

An appeal to the Court of Common Pleas such as that taken by the plaintiff is authorized by §§ 17-2b (a) and 4-183 (b) of the General Statutes. Both statutes provide a thirty-day period for the filing of such appeals. The thirtieth day of the appeal period in the present case fell on Saturday, April 16, 1977, a day on which the office of the clerk of the Court of Common Pleas was closed. On the next business day, i.e., Monday, April 18, 1977, the plaintiff filed her appeal and served a copy on the commissioner by certified mail.

The defendant appeared specially and filed a plea in abatement alleging that the court lacked jurisdiction to hear the plaintiff's appeal on the ground that the plaintiff had failed to comply with certain requirements of the statutory procedure governing such appeals.

In its memorandum of decision sustaining the plea in abatement the court set forth the following reasons for its decision: (1) the plaintiff's appeal was not filed with the court within thirty days as required by the statutes, and (2) "the appellant has failed to comply with Section 4-183, as amended by Public Act 77-603, Section 1, of the General Statutes . . . in that the said writ and complaint were not served upon the defendant as required in civil actions."

As previously noted, the plaintiff's attempt to seek judicial review was authorized by two different statutes. Section 17-2b (a) permits an appeal to be taken from the final decision in a fair hearing "within thirty days from" the date of its rendition; while § 4-183 (b) provides that proceedings for review of decisions by administrative agencies shall be commenced by "filing a petition in the court of common pleas . . . within thirty days after" the mailing of the agency's final decision.

Practice Book, 1978, § 127, provides that the office of the clerk of the court is the place where all pleadings, including various appeals, are to be filed. Practice Book, 1978, § 405, which sets the hours of operation for clerks' offices, requires that these offices "shall be open each weekday from Monday to Friday inclusive, between 9 o'clock in the forenoon and 5 o'clock in the afternoon, but they shall not be open on legal holidays." Section 405 further provides that "[i]f the last day for filing any matter in the

clerk's office falls on a day on which such office is not open . . . , then the last day for filing shall be the next business day upon which such office is open."

It is undisputed that the thirtieth day of the period provided by §§ 17-2b (a) and 4-183 (b) for the filing of the present appeal fell on Saturday, April 16, 1977, a day when the office of the clerk of the Court of Common Pleas was officially closed. It follows, therefore, that the last day for the filing of the plaintiff's appeal was Monday, April 18, 1977, as this day was the next business day following Saturday, April 16, 1977, upon which such office was open. See *LaReau* v. *Reincke,* 158 Conn. 486, 490, 264 A.2d 576 (1969); *Lamberti* v. *Stamford,* 131 Conn. 396, 40 A.2d 190 (1944); *Sommers* v. *Adelman,* 90 Conn. 713, 99 A. 50 (1916). The plaintiff's appeal, which was in fact filed on Monday, April 18, 1977, was, therefore, timely.

The second ground upon which the court sustained the defendant's plea in abatement was that "the appellant has failed to comply with Section 4-183, as amended by Public Act 77-603, Section 1, of the General Statutes . . . in that the said writ and complaint were not served upon the defendant as required in civil actions." In this regard, we note first that the statute relied on by the court in its memorandum of decision, § 4-183 (b) as amended by Public Acts 1977, No. 77-603, did not become effective until July 1, 1977. The plaintiff's appeal was, however, filed on April 18, 1977, several months prior to that date. Since § 4-183 (b), as amended, was not applicable to the appeal filed in the instant case, we must conclude that the trial court erred in sustaining the plea in abatement in reliance on the provisions of the amended statute.

There is error, the judgment is set aside and the case remanded with direction to overrule the plea in abatement and to proceed according to law.

In this opinion the other judges concurred.