## ESKRIDGE *v.* BARNWELL.

A. purchased land from B., and as part of the consideration therefor gave a due-bill for $100 to C., a creditor of B. The purchase was made subject to taxes and a certain claim which was secured by deed to the land. The property was afterwards sold under power of sale embodied in this deed and did not bring the amount of that claim. *Held*, that a plea of failure of consideration, based upon the fraudulent conduct of B. in not apprising A. of other claims against the property, is not a sufficient defense in an action by C. against A. upon the due-bill.

Argued December 15, 1898. — Decided March 4, 1899.

Complaint. Before Judge Lumpkin. Fulton superior court. March term, 1898.

*J. A. Anderson, J. A. Noyes* and *Glenn & Rountree,* for plaintiff in error. *Lavender R. Ray* and *S. D. Johnson,* contra.

Lewis, J. This case originated in a justice's court, and was a suit by Lucinda C. Barnwell against A. P. Eskridge upon the following due-bill: "Atlanta, Ga., Oct. 19, 1893. Due to Mrs. Lucinda Barnwell on demand the sum of one hundred dollars. [Signed] A. P. Eskridge." The case was appealed to the superior court, and there a demurrer to the defendant's pleas was sustained, the pleas stricken, and a judgment rendered by the court for the plaintiff. To this the defendant excepted. The defendant, by his plea and the amendments thereto, alleged that the due-bill was wholly without consideration; that Sarah A. F. Backus in her lifetime was in possession of a certain lot in the city of Atlanta, and before her death made a will leaving the lot, with other property, to her husband, G. F. Backus; that the lot was encumbered during her life by a mortgage or loan deed in favor of a loan company, that G. F. Backus, the legatee under the will, contracted to sell the defendant this lot, representing to the defendant that it was subject only to the loan deed or mortgage and certain small amounts due for taxes, and contracted to sell the lot, subject to the taxes and the loan deed, for $200, $100 of which was to be paid to plaintiff and was the consideration of the due-bill sued on; that in attempting to carry out this contract the due-bill was given, but it turned out that the representa-

tions of G. F. Backus were false and fraudulent, in that the
city lot in question was subject not only to the loan deed and
taxes but also to a demand for a large amount in favor of Dr.
T. D. Longino for medical services rendered Mrs. Backus dur-
ing her last illness, and in consequence of this fact the said
Longino applied for letters of administration upon the estate of
Mrs. Backus and was appointed administrator; that the in-
debtedness of Mrs. Backus to the plaintiff was for wages or
compensation due to the plaintiff from Backus or his wife on
account of nursing Mrs. Backus during her last illness; that
if plaintiff has a right to recover from any one, it is from said
Backus or the estate of his deceased wife; that the property in
question was sold, not by the administrator, Longino, but by
the party holding the loan deed thereto, under a power in the
loan deed, and it did not bring enough to pay off the loan, so
that there was nothing left for the administrator to sell; that
no consideration for the due-bill sued on passed from plaintiff
to defendant; that the plaintiff parted with nothing of value
to either defendant or G. F. Backus, who was her real debtor,
as consideration for the execution and delivery of the due-bill;
that G. F. Backus was wholly insolvent; that the property in
question constituted the whole of the estate of Mrs. Backus,
except a small amount of personalty, and the debt due plain-
tiff from Backus or his wife was worthless, the title to the real
estate having passed as security for a loan during the life of
Mrs. Backus; that the plaintiff was not a party to the trade
between Backus and the defendant; that there was no con-
tract between plaintiff and defendant that defendant was to
pay plaintiff before the execution and delivery of the due-bill,
and there was no agreement between plaintiff and defendant,
or between plaintiff and Backus, or between Backus and de-
fendant, that plaintiff would accept the due-bill in satisfaction
or payment of her demand against Backus or the estate of his
wife, and the plaintiff did not so accept it in payment of said
claim or demand.

Conceding that the plea in this case would apply to the
plaintiff, who was in nowise alleged to have been a party to
the fraudulent conduct complained of on the part of Backus,

we still think it does not constitute a legal defense. It appears from the plea that the consideration of the due-bill sued on was the purchase-money of a certain lot of land which defendant admits he bought subject to a debt secured by a deed conveying title to a creditor of Mrs. Backus, that the property was sold under a power of sale contained in this deed, and did not bring enough to pay off the claim. It seems therefore, from the plea itself, that defendant might have become the purchaser at the sale for a less amount than he actually agreed to pay. It follows that, even if there was fraudulent conduct on the part of the defendant's vendor in concealing the fact that there were other claims against the property, such representations or concealments of facts worked no injury to the defendant. Besides this, it does not appear that when the defendant discovered the fraud he offered to rescind the trade and deliver back to Backus what he had purchased from him, and thus give him an opportunity to redeem or resell the property. On the contrary, he makes no complaint except by way of a defense to the suit on the due-bill, instituted after a sale of the property under a claim to which he admits he bought subject. See *Smith* v. *Estey Organ Co.*, 100 *Ga.* 628. Our conclusion, therefore, is that the court did not err in sustaining the demurrer to the plea.　　　*Judgment affirmed. All the Justices concurring.*