FRANK N. PALMER vs. AMELIA M. FROST.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, JS.

The plaintiff appealed to the April term of this court, from the refusal
    of the trial court to set aside the verdict. Also, that he might
    present questions as to the correctness of the judge's charge, he re-
    quested a finding, which was not completed until after the April
    term. Within ten days from the filing of the finding he amended his
    reasons of appeal by adding the assignments of error as to the
    charge. *Held* that this course was proper, and that leave of court,
    under § 39, p. 279, of the Practice Book, was not necessary.

This court, in the absence of the evidence, cannot say that the trial
    court erred in refusing to set aside the verdict as being the result
    of " prejudice, bias, passion and sympathy," aroused by improper
    language used by counsel in argument, where no objection was
    made until after the verdict, and the judge of his own motion
    cautioned the jury against the influence of such improper remarks,
    and where, so far as appears, the verdict may have been fully
    supported by the evidence.

The defendant was sued upon a note. In her defense she claimed
    that the plaintiff and her son formed a copartnership; that her son
    was to put in $8,000, consisting of a livery stock and $4,500 in cash,
    and the plaintiff was to put in property represented to be worth
    $8,000; that by the fraudulent representations of the plaintiff as
    to the value of the property contributed by him she was induced
    to give the note in suit. *Held:*—

1. That the defense was not that there was a failure of consideration
    in whole or in part, but that the contract was void because of fraud.

2. That the court correctly told the jury that "fraud vitiates all contracts of every kind, verbal, written, sealed and unsealed. To this rule there is no exception as between the original parties to the contract, and a contract or note obtained by fraud cannot be enforced against the maker or signer of such note by the payee thereof."

If the defendant could be regarded as a purchaser and her defense a failure of consideration, the court could not properly have charged the jury that the plaintiff could recover the amount by which the property contributed by him exceeded in value the face of the note. In that view of the case, the amount of the recovery would be the amount, not exceeding the face of the note, by which the plaintiff's property exceeded that which the defendant's son contributed to the copartnership.

The present case differs from that of a purchaser of goods who is sued upon a note given for the price under circumstances which warrant him in rescinding the contract. He may in such case, without having rescinded, set up the deceit in defense and reduce the plaintiff's recovery upon the note by the amount suffered in consequence of the deceit.

Argued June 12th—decided July 26th, 1912.

SUIT upon a note, brought to the Superior Court in New Haven County and tried to the jury before *Williams, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Howard C. Webb*, for the appellant (plaintiff).

*Charles S. Hamilton* and *Jacob P. Goodhart*, for the appellee (defendant).

THAYER, J. The plaintiff, within the statutory time, filed his appeal, assigning for error the court's refusal to set aside the verdict. He also requested a finding for the purpose of questioning the correctness of the judge's charge. After the finding had been filed, the plaintiff amended his reasons of appeal by adding thereto two assignments of error founded upon claimed errors in the charge. The original appeal was properly taken to the April term, 1912, of this court held at

Bridgeport.  The finding was not completed until that term was past.  The plaintiff had ten days after the filing of the finding within which to take an appeal upon questions arising thereon of which he had given notice in his request for a finding.  His amendment was filed within that period.  Two appeals were unnecessary. The second appeal was properly combined with the first by way of amendment.  *Harris* v. *Ansonia,* 73 Conn. 359, 367, 47 Atl. 672.  Such amendment is merely a consolidation of two appeals and is not within the rule (Practice Book, p. 279, § 39) that, without leave of court, amendments to reasons of appeal shall not be filed later than six days before the opening of the court to which the appeal is taken.  The defendant's motion that the amendment be stricken out of the record upon the ground that it was not filed in this court more than six days before the opening of the April term is denied.

The evidence in the case is not made a part of the record.  We have no means of determining, therefore, whether the verdict was against the evidence.  The court has incorporated into its finding the substance of certain remarks made by the defendant's counsel in arguing the case to the jury.  The plaintiff claims that the court erred in refusing to set aside the verdict as being the result of "prejudice, bias, passion, and sympathy" created in the minds of the jurors by these remarks.  The plaintiff's counsel made no objection to the remarks at the time they were uttered, nor until after the verdict was rendered.  The court of its own motion, referring to this language in the charge, told the jury that, in its opinion, it was "calculated unduly to excite your sympathy and your prejudice," and carefully cautioned them that they were to decide the case upon the evidence alone and that their verdict should not to any extent rest upon prejudice or sympathy.

We do not disagree with the trial court as to the tendency of the remarks. They did not, however, so far as appears, misstate the evidence, and were used in the discussion of subjects proper to be brought to the jury's attention. They consisted of the counsel's characterization of the plaintiff and some of his witnesses and in comparing their conduct to that of thimble-riggers or three card monte men. An intelligent jury would hardly be carried beyond the evidence by such language after they had been cautioned against it. The possibility or probability of their having been so carried away could more readily be determined with the evidence before us. So far as appears, the verdict may have been fully supported by the evidence. In the absence of the evidence, we are bound to believe that it was, for the trial court refused to set it aside, and the appeal upon that ground has not been pursued. The court also, with the evidence before it, refused to set the verdict aside as being the result of prejudice or sympathy aroused by the remarks of counsel. We cannot say that it erred in so doing.

The defendant upon the trial claimed that the note in suit had been obtained from her by fraud, the plaintiff having by false representations persuaded her to execute and deliver it as a part of the capital stock of a copartnership which the plaintiff at the time formed with her son, whereby the latter was to put in $8,000 capital, to consist of a livery stock then belonging to the defendant, which she permitted him to take and put in, and $4,500 in cash, and the plaintiff was to put in $8,000, consisting of a livery stock which he then possessed and for which he falsely and fraudulently represented that he had been offered $8,000 and was worth that sum.

By his amended reasons of appeal the plaintiff assigns for error that the court neglected to charge the

jury "that notwithstanding that the plaintiff made false representations to the defendant, he, nevertheless, could recover the difference between the value of the personal property contributed by him, and the amount of her note, if the jury found that such value of the goods was greater than the amount of the note." It is not claimed that any request was made that the court should so charge. But had there been, it could not properly have been granted by the court. The argument goes upon the ground that the note was given for the purchase of the plaintiff's property, and that only a partial failure of consideration was shown. But the plaintiff's property was contributed to a copartnership of which he is a member. The defendant's son contributed stock worth $3,500 toward the same capital. If it were true, as claimed, that the defendant stood in the position of a purchaser of the plaintiff's property, the test of whether there was a failure of consideration, in whole or in part, for the note, would not be whether the property exceeded in value the amount of the note, but whether it was equal to the amount of the note together with the personal property which the son contributed to the partnership. In such case, the amount of the recovery upon the note would be the amount, not exceeding the face of the note, by which the plaintiff's property exceeded that which the son contributed.

But the defendant was not claiming a failure of consideration in whole or in part. She claimed that the note had been obtained from her by fraud, and was void. The part of the charge given, to which exception is taken by the assignments of error, was adapted to this claim of the defendant. The jury were correctly told that in such a case "fraud vitiates all contracts of every kind, verbal, written, sealed and unsealed. To this rule there is no exception as between the original parties to the contract, and a contract or note obtained

by fraud cannot be enforced against the maker or signer of such note by the payee thereof." *Feltz* v. *Walker,* 49 Conn. 93, 98. In such a case there is, as between the parties, no note. The rule is different where the purchaser of goods is sued upon a note given for the price under circumstances which warrant him in rescinding the contract. He may, in such a case, without having rescinded, set up the deceit in defense and reduce the plaintiff's recovery upon the note by the amount suffered in consequence of the deceit.

There is no error.

In this opinion HALL, C. J., PRENTICE AND RORABACK, Js., concurred.

WHEELER, J. (dissenting). I am unable to agree with that part of the opinion which treats of the proper measure of recovery in the case. The pleadings present this case, which the jury might have found proven:—

The plaintiff sues upon a note. The defendant defends upon the ground that the plaintiff proposed to the defendant to form an equal copartnership in the livery business with the defendant's son, and to contribute toward the capital of the copartnership his own stock of goods in use in a similar business, which he fraudulently represented worth $8,000, if she would contribute in behalf of her son toward his share of the capital a stock of goods belonging to the estate of her deceased son, and give the plaintiff her note for $4,500, and give the copartnership a lease of the premises known as the Metropolitan Stables. The defendant purchased for $3,500 the said stock of her deceased son. The copartnership was formed. The defendant turned over to it said stock in part payment of the share of her son toward the capital, and executed to the copartnership said lease, and gave the plaintiff the $4,500 note. The plaintiff turned over

.his said stock and good will to the copartnership. The defendant has not returned nor offered to return to the plaintiff the goods which he contributed to the copartnership, nor rescinded, nor offered to rescind, the copartnership agreement.

The court charged the jury: "It is not necessary for the defendant to prove all the alleged false and fraudulent representations set forth in her answer. If she prove by a fair preponderance of the evidence any one, 'or more of them, and that she was induced thereby to give the note in question, and she would not have given it but for such representation, then, in such case, . . . the defendant would be entitled to a verdict."

In this, and in other parts of the charge, the jury were told that, if they found any material representation fraudulent, there could be no recovery. So that under the charge, if the jury found the plaintiff made any material fraudulent representation, regardless of the value of the stock of goods which the plaintiff contributed to the partnership, they must find the note absolutely void.

The consideration of the note was the plaintiff's stock. of goods. Though the consideration of the note was complete, and the value of the plaintiff's stock $8,000, and no rescission of the contract made or attempted to be made, and no tender made to the plaintiff of the, stock, or the interest of the son in the stock, contributed ·by the plaintiff to the copartnership, the note under this charge is wholly void. The evidence was such that· the jury might have found this exact situation.

The case is made to rest on a single material fraudulent representation, and the question of the value of the goods contributed by the plaintiff is allowed to have no effect upon the amount of the recovery. Nor has the loss to the defendant any relation to the recovery. That this stock was contributed for the benefit of her

son does not differentiate the case from one where the direct benefit had gone to the defendant.

Had the plaintiff fraudulently induced the defendant to give him her note for $4,500 in consideration of the transfer of Blackacre, represented as worth $4,500, to her son, and the transfer was accordingly made and the note given, could the son be permitted to keep Blackacre and the defendant avoid payment of the note because of the fraud? Manifestly not. That is substantially this case.

The defendant, induced to enter into the contract by fraudulent representation, might rescind the contract if she acted seasonably; or, if she elected to keep Blackacre, might reduce the recovery on the note by the amount of the difference between the actual value of Blackacre and its value as represented.

The charge in this case fails to distinguish between the fraud by which legal agreement in the supposed contract is prevented, and that fraud in its more common form of misrepresentation of facts, which does not prevent the contract, but merely makes a case "in which it is or may be probable that there would have been no such contract as took place," had the misrepresentation been known. "Fraud of that kind creates an equity only, not an absolute defence." Bigelow on Bills (2d Ed.) p. 205, § 2.

In *Wilson* v. *Nichols*, 72 Conn. 173, 180, 43 Atl. 1052, we say: "One who has been induced by deceit to enter into a contract and thereby part with property, has at least two modes of redress. He may, acting seasonably, rescind the contract, and giving or tendering back what he received under it, and so restoring or offering to restore the other party to his former position, may recover back his property; or he may elect to retain what he received under the contract, and bring suit to recover the damages occasioned by the deceit. *Gus-*

*tafson* v. *Rustemeyer*, 70 Conn. 125, 135, 39 Atl. 104. . . . In the former case he seeks to be relieved from the contract and all its consequences; in the latter he seeks merely to recover the damages occasioned by his having been induced by deceit to enter into such a contract." So one, instead of suing to recover his loss through the fraud, may, upon being sued on the contract, counterclaim his loss. In Smith on Fraud, § 133, it is said: "A party cannot resist the recovery of a judgment on a promissory note given for property on the ground of fraudulent representations unless within a reasonable time after the discovery of the fraud he offers to return the property and rescind the contract, if it is of any value. Id. § 135, and cases cited; Joyce on Defenses to Commercial Paper, § 210.

There are exceptions to this general rule, as for instance, when the property received is of no value there need be no return or offer to return before rescinding or defending for total failure of consideration.

When an action is upon a note given through fraudulent representations, the defendant, except in certain exceptional cases, cannot defend for failure of consideration unless he rescinds or offers to rescind. Joyce on Defenses to Commercial Paper, § 122, says: "But a misrepresentation as to the quality or quantity of the property in payment of which a note was given will not operate as a complete defense to an action thereon where the plaintiff has not rescinded or offered to reconvey but still retains possession thereof." *Morgan* v. *Nowlin*, 126 Mich. 105, 106, 85 N. W. 468, and *Eskridge* v. *Barnwell*, 106 Ga. 587, 32 S. E. 635, which are cited in support, sustain this doctrine. While the total failure of consideration of a note cannot be availed of without rescission or offer to return, a partial failure can be of a sum liquidated or capable of liquidation. *McAlpin* v. *Lee*, 12 Conn. 129.

In this case the defendant elected to hold to her agreement. She was therefore entitled to reduce the recovery by as much as she had lost, which would be the difference between the actual value of the stock contributed by the plaintiff and the value at which it went into the copartnership.

The assignment of error which the court quotes was not adapted to the case and was incorrect, as the opinion holds, but another assignment of error fairly raises the question of the proper measure of recovery.

Fraud does vitiate a contract; but that means that the defrauded party by acting seasonably has the option of rescinding the contract, or he may accept its benefits and either recover the loss arising from the fraud, or counterclaim his loss against the recovery sought against him.

The defendant was permitted to avoid her note and keep its consideration. I know of no authority, except the opinion of the court, which has ever adopted such a measure of recovery. In my opinion there was error.