THEODORE A. BROWN *vs.* THE NEW HAVEN
TAXICAB COMPANY.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

It is for the jury to determine, upon conflicting testimony and under suitable instructions, what the actual rate of speed of automobiles colliding at a street intersection was, and whether the conduct of their respective drivers was reasonable or not under all the circumstances; and their conclusion, unless untenable, will not be disturbed upon appeal.

The defendant complained that too great a degree of care had been imposed upon it by the instruction that the driver of an automobile in approaching and crossing a street known to him to be much traveled, ought to be "unusually careful." *Held* that the use of this expression was not fairly open to criticism when taken in

connection not only with the language of the statute (§§ 1538, 1540), which was read to the jury, but also with the rest of the charge, which made it quite clear that in a dangerous situation "ordinary care" simply meant that amount or quantity of care which was commensurate with the circumstances.

No request to charge can properly be asked which assumes as true a matter that is in dispute.

The charge in the present case *held* not open to the objection of partiality or undue emphasis upon the negligence of the defendant.

General Statutes, § 5840, provides that an appeal may be taken from the denial of a motion for a new trial upon the ground that the verdict was against the evidence, "within ten days after the entry of judgment on the verdict." *Held* that the day on which the judge delivered the written motion, endorsed with his denial, to the clerk for his official guidance, and not the date placed upon the paper by the judge, would be regarded as the date of the judgment, and therefore as the starting point of the ten-day period; and that in the absence of all other evidence of that date, it would be presumed to be the date of the notification by the clerk to counsel of the denial of his motion.

Having given a bond upon an appeal from the denial of a motion to set aside the verdict as against the evidence, no other or further bond is necessary when a supplemental appeal, alleging error in the instructions to the jury upon the same trial, is joined to or merged with the former appeal.

Argued October 24th, 1918—decided February 19th, 1919.

ACTION to recover damages for injuries to the person of the plaintiff, and to his automobile, by a collision alleged to be due to the negligence of the defendant, brought to the City Court of New Haven and tried to the jury before *Caplan, J.;* verdict and judgment for the plaintiff for $350, and appeal by the defendant. *No error.*

In this court the appellee filed a plea in abatement. *Plea overruled.*

*Prentice W. Chase* and *Albert McC. Mathewson,* for the appellant (defendant).

*George W. Crawford,* for the appellee (plaintiff).

GAGER, J.    This action was brought to recover damages for injuries to person and property, caused by the collision of two automobiles at the intersection of Chapel and High streets in New Haven.    The plaintiff claimed the collision was caused by the negligent driving of the defendant's automobile.    The defendant denied negligence, claimed contributory negligence by the plaintiff, and counterclaimed for damages to his automobile due to plaintiff's negligence.    The plaintiff recovered a verdict which the court refused to set aside, and the case comes to this court on defendant's appeal, claiming error by the trial court in the refusal to set aside the verdict, and sundry errors in the charge to the jury.

There was no error in refusing to set aside the verdict.    It appears that the intersection of these two streets constitutes rather a blind corner.    The plaintiff was driving on Chapel Street, approaching the intersection from the west.    The defendant was driving on High Street, approaching the intersection from the south.    The plaintiff's speed was put by different witnesses at from twelve to twenty-five miles per hour, and the defendant's speed at from six to twenty-five miles per hour.    The relative speeds of the plaintiff and defendant, and their reasonableness under the circumstances, became vital issues in the case.    There were irreconcilable differences in the testimony as to the actual rates of speed and their reasonableness under the circumstances, and also the conduct of the drivers, and these were open questions of fact for the jury to determine.    Under proper instructions the jury did determine them in favor of the plaintiff, and a careful reading of the testimony shows that the jury might reasonably have come to the conclusion it did.

The defendant complains of certain portions of the charge to the jury.    It is assigned for error that the

court charged as follows, to wit: "The defendant's servant knew or ought to have known that Chapel Street was a much traveled highway, and that the probable conditions of traffic on said street required a person driving thereon from a street, such as High Street, to be unusually careful, and to operate his automobile at such a rate of speed and to have the same under such control that he could seasonably stop the same and avoid collision with other vehicles or pedestrians traveling on said highway." The defendant's objection to this is not to the assumption of fact that Chapel Street was much traveled as compared with High Street, but that, in requiring of the traveler on High Street to be "unusually careful" with reference to speed and operation, it imposed on the defendant approaching on High Street a greater degree of care than the statutes prescribed; that it required of the defendant more care than was required of the plaintiff, both parties approaching the same intersection.

Did the expression "unusually careful" stand alone, it might be the subject of criticism; but taking the statutes, which were read to the jury, and the rest of the charge together, the court did not impose a burden beyond what the law required. Section 11 of Chapter 231 of the Public Acts of 1915 (§ 1538) requires speed that "is reasonable and proper having regard to the width, traffic and use of the highway." Section 12 (§ 1540) provides that "upon approaching an intersecting highway, . . . every person operating a motor vehicle shall slow down . . . when reasonable care requires." The standard of care is reasonableness, and this reasonableness is to be determined in view of the conditions. The ideal standard which the jury should apply is the care of the ordinarily prudent man under the circumstances. The degree, the quantitative extent, of the care, varies with the conditions. The

quality of reasonableness remains unchanged. Situations of unusual danger require unusual care. Conduct which might quite meet the standard of the ordinarily prudent man in one set of circumstances, might be quite inadequate in another. This idea is emphasized in all cases of negligence. It is explicitly recognized in the words of the statute, "having regard to the width, traffic and use of the highway." Under the charge of the court as a whole, no more was intended, or could reasonably have been understood to have been intended, than this recognition of the effect of circumstances upon the quantity of care, if we may so express it, required in the situation before the court.

Elsewhere in its charge the court said: "If, because of traffic conditions on Chapel Street, there was great danger of accidents from collision, then the defendant's servant owed the plaintiff and other persons traveling in Chapel Street a corresponding degree of care in driving on to Chapel Street from High Street. . . . In dangerous situations, ordinary care means great care; the greater the danger the greater the care required. The plaintiff must not only prove negligence on the part of the defendant, but he must also prove that the injury was not caused in whole or in part by his own negligence. . . . Negligence is the failure to use that degree of care with reference to the interests of another that the ordinarily prudent, careful man would use under the circumstances of the case." We do not think, taking the charge as a whole, that the jury could have been misled by the use of the language "unusually careful." It was but a way of emphasizing the element of quantitative variability introduced into the definition of negligence by "circumstances of the case."

The defendant, for another assignment of error, says that the trial court erred in not charging the

jury, as requested by the defendant, that the rate of speed which the plaintiff was traveling, being at least fifteen miles an hour, was prima facie negligence. The record does not show any such request. The request, if made, could not have been complied with, because it assumed as unquestioned a speed of fifteen miles an hour, while the record shows that the rate of speed was very much in dispute. Furthermore, the defendant in its brief rather concedes that no such rule has been established within the limits of the city of New Haven, and we know of none.

The remaining two grounds of error are, in substance, that the charge was partial in that the defendant's negligence was more highly emphasized than the plaintiff's and so an undue burden was imposed upon the defendant. The charge is not fairly open to this objection. The burden of proof was properly placed upon the plaintiff, and repeatedly the jury were told that the law of negligence applies equally to the plaintiff and the defendant. While the charge was longer than need be, considering the narrowness of the issue, it was quite fair, and the defendant has no cause for complaint.

We come now to the plea in abatement. In this court the appellee (plaintiff) pleaded in abatement of the appeal, alleging three causes:—

"1. The plaintiff (appellee) pleads in abatement to the defendant's appeal from the denial of the defendant's motion to set aside the verdict because entry of judgment was made on said verdict on May 29, 1918, and said appeal was not filed until June 10, 1918, which was more than ten days after the entry of judgment on the verdict, and because the time for filing said appeal was not extended by the trial judge."

The second reason of abatement was abandoned upon argument.

"3. The plaintiff (appellee) pleads in abatement to the defendant's supplemental appeal because at the time of the filing of said appeal, the defendant gave no sufficient security to the plaintiff by bond or recognizance, that he would prosecute said appeal to effect and pay all costs if he failed so to do; and because as an incident to said appeal the defendant has given no such bond or recognizance except a certain recognizance entered into by Prentice W. Chase on June 10, 1918, in the sum of $70, at the time of filing the defendant's alleged appeal from the refusal of the court to set aside the verdict, which appeal and recognizance incident thereto were null and void and of no effect, because not taken within ten days after the entry of the judgment on the verdict; and because the time for filing such bond was not extended by the trial judge."

It will be seen that the first ground of abatement relates to the appeal from the denial of the motion to set aside the verdict, and the third to the supplemental appeal. The issues of fact upon the plea were closed by reply and demurrer. From the reply to the first ground of abatement alleged, it appears that the verdict was rendered May 22d, 1918; that the motion to set aside was filed May 23d, 1918; that there is indorsed on this motion "Motion denied May 29, 1918, Caplan, J."; that on June 1st, 1918, the defendant received from the clerk notice of such denial; and that on June 10th, 1918, the defendant filed his appeal from this decision under § 805 of the statutes as amended by § 3 of Chapter 225 of the Public Acts of 1915 (§ 5840). This reply was demurred to, on the ground that it showed that the appeal had not been taken within ten days from the entry of judgment on the verdict.

There is no record of when the judge's decision on the motion was filed in court. It nowhere appears when the decision on the motion to set aside the verdict

was filed. The date placed by the judge upon a paper is by no means determinative of the date when the paper is handed to the clerk, or when, if at all, the ruling contained is announced in open court. In practice such ruling is not ordinarily announced in any other way than by delivery of the writing to the clerk. When so delivered to the clerk or announced in court the judgment is rendered. "A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause. This pronouncement of the court it is incumbent upon the clerk to forthwith enter." *Goldreyer* v. *Cronan*, 76 Conn. 113, 55 Atl. 594; *Bulkeley's Appeal*, 76 Conn. 454, 457, 57 Atl. 112; *Hull* v. *Thoms*, 82 Conn. 386, 73 Atl. 793; *Brown* v. *Cray*, 88 Conn. 141, 146, 89 Atl. 1123. Where there is no other evidence of the date when judgment is rendered than the action of the clerk in notifying counsel, as in this case, it will be presumed that the clerk acted promptly and the date of the notification will be taken to be the date when the judge informed the clerk of his decision. The demurrer to the reply to the first ground of abatement is overruled.

The third ground of abatement is demurred to, in substance, because it appears that a proper bond was filed when, as alleged in the plea, a bond of $70 was filed at the time of filing the appeal from the refusal of the court to set aside the verdict. The ground of abatement may be based upon the idea, as alleged in the plea, that the appeal from the denial of the motion to set aside the verdict being void, the bond then given was void, and therefore the giving of that bond could not relate over to the supplemental appeal. This

construction is sufficiently answered by the ruling just made, that the original appeal was properly and validly taken. The other view that may be taken with reference to the filing of a bond, may be intended to raise the point that in such case a bond must be filed in connection with the supplemental appeal in any event. The supplemental appeal, based upon alleged errors in the charge, is dated September 19th, 1918, after the completion of the finding upon which it is based. This appeal is described as added to the appeal already taken from the denial of the motion to set aside the verdict. The question is whether, when a valid appeal with bond has been taken from the denial of the motion to set aside a verdict, and a supplemental appeal based upon a finding is taken, this supplemental appeal is such a distinct and independent appeal that a bond will be required as though the first appeal had not been taken. No other objection being raised than the lack of a further bond, the objection is disposed of in the note to *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 89 Atl. 909, where it is stated that in such case "no bond other than that filed on the original appeal is required." See also *Palmer* v. *Frost*, 86 Conn. 100, 84 Atl. 277. It appears from the Superior Court records in the latter case that substantially the same course in consolidated appeals was taken as has been taken in the present case.

The demurrer to the third paragraph of the plea in abatement is sustained. See also *Stillman* v. *Thompson*, 80 Conn. 192, 67 Atl. 528. The plea in abatement is overruled.

There is no error.

In this opinion the other judges concurred.