[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON:
(1) PLAINTIFF'S MOTION FOR ADDITUR (134)
(2) PLAINTIFF'S MOTION TO SET ASIDE VERDICTS (135)
 (3) PLAINTIFF'S MOTION FOR DETERMINATION OF PUNITIVE DAMAGES AND ATTORNEY'S FEES ON THE SECOND COUNT (136)
 (4) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM (137)
 (5) PLAINTIFF'S MOTION TO TERMINATE STAY OF EXECUTION ON FIRST AND SECOND COUNTS (138)
(6) DEFENDANTS' MOTION TO SET ASIDE VERDICT (139)
 (7) DEFENDANTS' MOTION TO SET ASIDE VERDICT AS TO DAMAGES ON THE COUNTERCLAIM ONLY AND FOR ADDITUR (140)
 (8) DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO PRACTICE BOOK RULE 321 (141)
 (9) DEFENDANTS' MOTION TO SET ASIDE VERDICT AS TO DAMAGES ONLY AND FOR REMITTITUR (142), and
 (10) DEFENDANTS' OBJECTION TO MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM (143)
CT Page 3230
Verdicts on liability issues, as shown by jury's answers to interrogatories and verdicts returned on Counts One, Two and Three, are not set aside as to liability issues.
#134
PLAINTIFF'S MOTION FOR ADDITUR
Plaintiff and defendants have filed appropriate memoranda and briefs in support of their respective positions and claims. The evidence submitted to the jury presented a complex case on questions of damages predicated on a few simple interrogatories and facts found by the jury.
The best evidence of the jury's findings and awards are the answers to the interrogatories and verdicts returned as on file and incorporated herein by reference.
Count One
The jury found that (1) a fraud was committed during the negotiations and sale of the property, (2) there is reliance on the part of the plaintiff entitling him to money damages, and (3) the defendants' actions were in reckless disregard or indifference to the plaintiff or were performed in a willful, wanton and malicious manner.
The jury awarded compensatory damages of $10,000.00 and punitive damages of $30,000.00 to the plaintiff on this count. (See verdict on file).
Plaintiff summarized his evidence of damages for fraud on Count One as follows:
 $281,833.44 Compensatory Damages 54,691.73 Punitive Damages ----------- $336,525.71 Total Claim founded on evidence ===========
The verdict on Count One is inadequate in view of the evidence. This issue of inadequate damages is separable from the general issues, i.e. findings (1), (2) and (3) above, and such limitation does not work injustice to the other issues or the case as a whole. The court can clearly see that this is the way of doing justice in this case. There is no ambiguity in the interrogatories or the jury's verdict on this count as to liability. There is no negligence or contributory negligence involved. The facts found are clear-cut. Fazio v. Brown, 209 Conn. 450
CT Page 3231 (1988).
Count Two
The jury found that the defendants committed (1) an unfair trade practice, and (2) a deceptive trade practice, and awarded damages of $25,000.00 to the plaintiff on this count. (See verdict on file).
Plaintiff summarized his evidence for CUTPA damages on Count Two as follows:
 $281,833.44 Compensatory Damages 73,681.50 Attorney's Fees 16,246.16 Expenses of Litigation ----------- $371,761.10 Total Claim founded on evidence ===========
The verdict on Count Two is inadequate in view of the evidence. This issue of inadequate damages is separable from the general issues of unfair and deceptive trade practices on this count and such limitation does not work injustice to the other issues or the care as a whole. The court can clearly see that this is the way of doing justice in this case. There is no ambiguity in the interrogatories or the jury's verdict on this count as to liability. There is no negligence or contributory negligence involved. The facts found are clear-cut. Fazio, above.
Count Three
The jury found the defendants liable under 22a-452 of the General Statutes, not based on "negligence of the defendants" and not based on "both negligence and other actions of the defendants." The jury found the liability of the defendants to be based on "other actions of defendants."
Having found liability under 22a-452, the jury further found that the pollution or contamination resulted "from the joint negligence or other actions of two or more persons" and "the Aronsons' pro-rata share of liability" to be 100%, i.e. $16,000.00. (See verdict on file).
Plaintiff summarized his evidence of damages for Count Three as follows:
 $96,950.00 Contracted Expenses 57,113.22 DEP Expenses 15,760.00 Higgins Uzzo CT Page 3232 ---------- $169,823.22 Total Claim founded on evidence ===========
The verdict on Count Three is inadequate in view of the evidence. This issue of inadequate damages is separable from the general issues of statutory responsibility under 22a-452 on this count, and such limitation does not work injustice to the other issues or the case as a whole. The court can clearly see that this is the way of doing justice in this case. There is no ambiguity in the interrogatories or the jury's verdict on this count as to liability. There is no negligence or contributory negligence involved. The facts found are clear-cut. Fazio, above.
Counterclaim
On this claim the jury returned a verdict for the defendant, Arthur E. Aronson, to recover of plaintiff $41,903.00 (principal and interest), plus $0 (attorney's fees and collection costs), for the total dollar damages of $41,803.00. (See verdict on file).
Here again the sum calculated by the jury was based upon mistake and fails to address the terms of the note as to attorney's fees and collection costs.
The jury's duty is to determine and decide the issues solely on the evidence presented. See Bleau v. Ward, 221 Conn. 331, 336
(1992).
Plaintiff prepared three documents that summarized the evidence of record concerning compensatory damages, punitive damages (Counts One and Two), and damages under C.G.S. 22a-452
(Count Three), i.e. claimed expenses for remediation. These three documents were delivered to the deliberating jurors as visual aids and a portrait of claimed expenses and damages sought by plaintiff.
Both parties have post verdict motions pending. Both seek to set aside the verdicts returned for various reasons therein stated.
 "In order to determine whether the verdict should be set aside, the `evidentiary underpinnings of the verdict itself must be examined'" Barbieri v. Taylor, 37 Conn. Sup. 1
(1980).
The evidentiary underpinnings of each of the three counts of the complaint and the counterclaim have been recited above. The CT Page 3233 amounts of the verdicts are also recorded above.
The first issue before the court is founded on the motions to set aside verdicts on the various grounds recited therein —
 "The court must move cautiously to determine whether it should interfere with the verdict of a jury. However, it is the court's duty to set aside the verdict when `it finds that it does manifest injustice, and is. . .palpably against the evidence'. . . `The test to be applied to determine if a verdict should be set aside, is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Barbieri, P. 3.
Count One
Plaintiff's claim founded on the evidence totaled $336,525.17. The jury awarded compensatory damages of $10,000.00 and punitive damages of $30,000.00.
Count Two
Plaintiff's claim funded on the evidence totaled $371,761.10. The jury awarded damages of $25,000.00.
Count Three
Plaintiffs' claim founded on the evidence totaled $169,823.22. The jury awarded damages of $16,000.00.
Each of the three above verdicts do manifest injustice and are palpably against the evidence. The sizes of each of these three verdicts so shock the sense of justice as to compel the conclusion that the jury were influenced by mistake.
This is not a personal injury case trial to a jury. There is no evidence to support a conclusion that the issues raised in Counts One, Two or Three are "inextricably interwoven" with the issues of damages.
The interrogatories as answered by the jury found facts as recited above. The evidence as to the three counts of the complaint adequately satisfied the right of the defendant to have issues of fact decided by the jury. There are no ambiguities as CT Page 3234 to liability.
This court accepts the answers to the interrogatories on Counts One, Two and Three as returned by the jury on the defendants' liability or responsibility. The verdicts on three counts on the complaint are set aside on the issues of damages only and a new trial is ordered restricted to damages only. (See West Haven Sound Development Corporation v. West Haven, 201 Conn. 305,309 (1986)).
This order is governed by the mandate of 52-228b C.G.S., stating in part —
 "No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the Court deems reasonable."
Whether this mandate infringes upon the rights of the parties to trial by an impartial jury which encompasses the right to have the jury decide the ultimate factual issues of damages presents a serious substantive question. That issue can be side-stepped at this moment. As a procedural matter the court must first give the parties an opportunity to accept an addition to the verdicts of such amount as the court deems reasonable. There is no evidence concerning the monetary value of non-economic claims or injuries. The evidence of monetary value of the elements of damages consisted of liquidated amounts adequately stated and enumerated in the above mentioned summaries on Counts One, Two and Three.
 "When determining the additur, the court must make a fair appraisal of the just damages which should be awarded. . . .In other words, a court may not award less than full damages which may be tolerated as being adequate if awarded by a jury and such additur together with the verdict of the jury must represent fair, just and reasonable compensation. . . ." Barbieri, p. 6.
While it is true that the jury may not have accepted plaintiff's evidence as to damages as submitted, the court is required to state an additur that together with the verdict represents fair, just and reasonable compensation.
 "by setting the verdict aside the trial court infringes on the parties' right to have factual issues resolved by the jury." Donahue v. State, 27 Conn. App. 135, 140 (1992).
CT Page 3235
However, 52-228b mandates the following procedure.
On the basis of all the evidence introduced, the court is of the following opinions.
Count One
The sum of $281,833.44 is the fair, just and reasonable value of compensatory damages, plus $54,691.73 cost of litigation as punitive damages, for a total of $336,527.17.
Accordingly, the court is of the opinion that there should be an additur to the jury's award of $10,000.00 compensatory damages, and $30,000.00 punitive damages (cost of litigation), for a total of
 $40,000.00 Additur $296,527.17 ----------- Total Damages $336,527.17 ===========
Count Two
The sum of $281,833.44 is the fair, just and reasonable value of compensatory damages. Attorney's fees of $73,681.50 and litigation expenses of $16,246.16 are awarded by the court hereinafter (see #136 below), for a total of $371,761.10.
Accordingly, the court is of the opinion that there should be an additur to the jury's award of —
 $25,000.00 $346,761.10 ----------- Total Damages $371,761.10 ===========
The questions and issues on punitive damages are addressed hereinafter. (#136).
Count Three
The sum of $169,823.22 is the fair, just and reasonable value of compensatory damages.
Accordingly, the court is of the opinion that there should be an additur to the jury's award of
$16,000.00 CT Page 3236 Additur $153,823.22 ----------- Total Damages $169,823.22 ===========
It is noted that plaintiff is not entitled to and does not claim double recovery on multiple counts but is entitled to all procedural safeguards on all counts and issues.
It is therefore ordered that the verdicts on Counts One, Two and Three be set aside on the issues of damages only, and not on liability, unless within fourteen days from the filing of this decision, the defendants shall file with the Clerk additurs of $296,527.17 on Count One, $346,761.10 on Count Two, and $153,823.22 on Count Three. Again, noting double recovery is not contemplated.
#135
PLAINTIFF'S MOTION TO SET ASIDE VERDICTS
1.
This paragraph duplicates #134 above.
2.
This paragraph addresses the counterclaim wherein the jury returned a verdict for the defendant, Arthur E. Aronson, to recover of the plaintiff $41,802.00 (principal and interest) damages. The plaintiff's motion to set this counterclaim verdict aside is predicated on the finding of fraud reflected in the jury's answers to interrogatories and the following special defense:
 "The defendants induced the plaintiff to sign said promissory note by their false and misleading representations as to the condition of said premises, the value of same, and the existence of underground contaminants in the underground water consisting of gasoline, diesel fuel, oil, or some similar product, that rendered the value of said real estate considerably diminished, if not worthless."
The plaintiff's theory is that the jury found, fraud by the defendant, Arthur E. Aronson, and thus the plaintiff had a perfect defense to the counterclaim. Plaintiff contends that the note and mortgage were used as a means of perpetrating a fraud against the plaintiff and the jury found fraud as a fact. CT Page 3237
 "Fraud vitiates all contracts written or verbal and sealed or unsealed. To this rule there is no exception as between the original parties. With equal reason no contract, whatever its form and however valid for other purposes, can lawfully be used for a fraudulent purpose." Feltz v. Walker, 49 Conn. 93, 98 (1881). "In such a case there is, as between the parties, no note." Palmer v. Frost, 86 Conn. 100, 105.
The evidential basis of the verdicts on the complaint are clearly reflected in the jury's answers to the interrogatories of record. In reviewing the evidence and the jury's conclusions, the court must give it the most favorable construction in support of the verdicts of which it is reasonably capable. Donahue v. State,27 Conn. App. 135, 140 (1992).
It is apparent that a verdict in favor of the defendant on the counterclaim is not consistent with a finding of fraud on the part of the defendant and that verdict must be set aside because of the mistake of the jury.
#136
 MOTION FOR DETERMINATION OF PUNITIVE DAMAGES AND ATTORNEY'S FEES ON THE SECOND COUNT
Count Two
Plaintiff is awarded attorney's fees of $73,681.50, plus litigation expenses of $16,246.16 as punitive damages, to be added to compensatory damages of $281,833.44, for a total of $371,761.10 on Count Two.
#137
MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM
P.B. 380 states in part:
 "A motion for summary judgment shall be supported by such documents as may be appropriate. . . ."
P.B. 384 states in part —
 "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as CT Page 3238 to any material fact and that the moving party is entitled to judgment as a matter of law.
The interrogatories on file clearly find fraud. The facts that support the setting aside of the award in favor of the defendant on his counterclaim clearly support the conclusion that as a matter of law there is no genuine issue as to any material fact and summary judgment in favor of plaintiff must be granted on the counterclaim based on clear, precise and unequivocal finding of fraud.
Defendants' objection to plaintiff's motion for summary judgment (to be coded #143) raises three issues: (1) untimely, in that it has been filed after the jury verdict, (2) inappropriate, and (3) plaintiff is not entitled to judgment but rather offset any damages it might prove.
It is noted that Practice Book 379 refers to in "any action. . .any party may move for a summary judgment provided that the pleadings are closed as between the parties to the motion. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as it it were an independent action.
Objections overruled. (See #143 below). The Practice Book does not authorize or preclude a summary judgment based on any of defendants' claimed reasons for objection above recited.
#138
 MOTION TO TERMINATE STAY OF EXECUTION ON FIRST AND SECOND COUNTS
Granted.
The stay of execution is terminated so as to authorize the plaintiff to initiate actions to set side fraudulent conveyances, as requested in the motion, and that plaintiff shall be further authorized to file a lis pendens on the land records concerning the pendency of said actions. Plaintiff is not authorized to take any further action. Once the actions to set aside fraudulent conveyances and lis pendens have been filed, a stay will continue until such time as the stay terminates or is terminated pursuant to the provisions of 4046 et seq. of the Practice Book.
 #139 DEFENDANTS' MOTION TO SET ASIDE VERDICT
1. CT Page 3239
This claim is that allowing plaintiff to amend his complaint to add Count Three and an additional allegation to Count Two on the day trial was to begin, resulted in "unfair prejudice and disadvantage to the defendant."
In Falby v. Zarembski, 221 Conn. 14, 24 (1992), the Supreme Court states:
 "But unless there is some sound reason for denying permission to amend in order to remedy mispleading (a request to do so), shall be granted."
Defendants' conclusion of "unfair prejudice and disadvantage" without a sound foundation from the evidence is not a reason to set aside the verdict or verdicts. The court considered the factors enumerated in DuBose v. Carabetta, 161 Conn. 254, 263
(1971), end granted the amendment on the record.
2.
Defendants claim evidence of damages was improperly admitted. This claim must be decided by appeal.
3.
Defendants claim hearsay evidence was excluded. This claim must be decided by appeal.
4.
Defendants claim evidence in the form of judicial admissions (divorce affidavit) was irrelevant and should not have been admitted. The court ruled that it was relevent for credibility.
5.
Defendants claim the admission of a weather report from the Bridgeport — Stratford station was error because North Madison was the venue of this law suit. The jury was entitled to give it such weight as warranted.
6.
Three theories or claims to set aside the verdicts are properly issues for appellate review and are mostly self-serving conclusions of defendants.
7. CT Page 3240
 Same as 6. 8.
Same as 6 and 7.
9.
Same as 6, 7 and 8.
10.
The motion to set aside the verdicts is granted as above stated as to damages and not as to liability.
11.
The court admitted exhibits X and Y into evidence under52-180 over defendants' objection. The proper foundation was presented. The verdict cannot be set aside for this reason.
12.
Written documents which summarized the plaintiff's oral arguments as to damages were given to each juror during summation and permitted to accompany each juror in the deliberating room as visual aids.
The jury was properly instructed that the determination of the amount of damages to be awarded, if any, is solely the jury's function. 52-216b(a) and (b).
13.
Covered adequately hereinbefore and hereafter.
14.
This paragraph and its seven sub-paragraphs claim errors in the charge. These claims are properly claims for appellate review and not subjects to set aside the verdicts on the liability aspects of this case.
#140
 DEFENDANTS' MOTION TO SET ASIDE VERDICT AS TO DAMAGES ON THE COUNTERCLAIM ONLY AND FOR ADDITUR
Under #137 above, the court has entered an order granting plaintiff's Motion for Judgment on Counterclaim. For purposes of CT Page 3241 fairness and to protect the record in the event that order is set aside by a higher court, this motion (#140) should be granted and the verdict on the counterclaim set aside. Under 52-228b C.G.S., the court must give the parties an opportunity to accept an additur to the verdict on the counterclaim of such amount as the court deems reasonable.
Accordingly, the court is of the opinion that there should be an additur to the jury's award of $41,803.00 on the counterclaim in the amount to be calculated in accordance with the terms of the note and the time span involved.
This order of additur to enter only if the summary judgment is vacated on appeal and the counterclaim reinstated.
#141
 DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO PRACTICE BOOK 321
The jury returned interrogatories, verdicts on Counts One, Two and Three, and a verdict on the counterclaim. The court has entered many orders above. The verdicts have been set aside as above recorded with respect to damages only and not as to liability. An order of summary judgment has been entered on the defendants' counterclaim. New trials have been ordered as above stated as to damages only.
No judgment or judgments are directed under this section.
#142
 DEFENDANTS' MOTION TO SET ASIDE VERDICT AS TO DAMAGES ONLY AND FOR REMITTITUR
This motion is denied in view of the above orders that in effect granted the plaintiff's motion to set aside the verdicts returned, solely on the issues of damages and not on the issue of liability.
A new trial has been ordered solely on the issues of damages.
#143
 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM
Overruled for reasons stated under #137 above.
In conclusion, it should be noted that although the trial CT Page 3242 concluded with the verdicts returned on October 25, 1991, the court did not receive the final brief from the attorneys until March 23, 1992. The above identified motions and briefs in support of and in opposition thereto have required a great deal of attention and detail from the attorneys.
The theories of the plaintiff, on the Count Three in particular, present novel issues. The court is aware of the fact that there may be issues not adequately answered in this decision and will be available for motions to articulate, correct or modify in order to extend to the parties fair and impartial justice.
JOHN N. REYNOLDS STATE TRIAL REFEREE